UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                               :
                                                     :    Chapter 11
THE CHRISTIAN BROTHERS' INSTITUTE,                   :
                                                     :    Case No.: 11-22820 (RDD)
                                  Debtor.            :
-------------------------------------------------------------x

# LOCAL RULE 1007-2 AFFIDAVIT

STATE OF NEW YORK     )
                      ss.:
COUNTY OF NEW YORK    )

Brother Kevin Griffith, being duly sworn deposes and states:

1.   I am the Vice-President of The Christian Brothers' Institute (the "Debtor"), and submit this affidavit pursuant to Rule 1007-2 of the Local Rules of this Court.

2.   The Debtor intends to file a voluntary Chapter 11 petition with the Clerk of this Court on or about April 28, 2011. There is no other or prior bankruptcy case filed by or against the Debtor. There has not been a committee of unsecured creditors organized prior to the order for relief in the Debtor's Chapter 11 case.

3.   A copy of the Debtor's board resolution authorizing the Chapter 11 filing is attached to the petition and incorporated by reference herein. Unless otherwise indicated, all financial information contained herein is presented on an estimated and unaudited basis.

4.   The Debtor is a domestic not-for-profit 501(c)(3) corporation organized under §102(a)(5) of the New York Not-for-Profit Corporation Law. The Debtor was formed in 1903 pursuant to Section 57 of the then existing New York Membership Law. The Not-for-Profit Corporation Law replaced the Membership Law effective September 1, 1970. The purpose for which the Debtor was, and continues to be, formed was to establish, conduct and support Catholic elementary and secondary schools principally throughout New York State. As a not-

for-profit corporation, the assets, and/or income are not distributable to, and do not inure to the benefit of its directors, or officers. The Debtor depends upon grants and donations to fund a portion of its operating expenses.

5. The Debtor's immediate need for relief in this Court stems from the fact that the Debtor has been named in numerous sexual abuse lawsuits which are alleged to have occurred between approximately 30 and 50 years ago, primarily in Washington State and St. John's Newfoundland, Canada.[1] The Debtor has previously settled numerous lawsuits in both jurisdictions. The Debtor has attempted to obtain global resolution of the remaining lawsuits pending in Washington State through mediation. However, the lawsuits remain unresolved. The lawsuits continue to drain the Debtor's not unlimited financial resources. Although the Debtor has substantial assets, its assets are illiquid and the Debtor needs a breathing spell from this Court to resolve the claims asserted by the plaintiffs in the lawsuits, as well as to liquidate assets in an orderly fashion to satisfy legitimate claims. Recently, other similar religious organizations, such as the Diocese of Wilmington (located in the state of Delaware), and the Diocese of Spokane (located in the state of Washington), have utilized Chapter 11 to resolve abuse claims.

6. Pursuant to Rule 1007-2(a)(4) of the local bankruptcy rules annexed hereto as **Exhibit "1"** is a list containing the names and addresses of the Debtor's twenty (20) largest unsecured creditors, excluding insiders.[2]

7. Pursuant to Rule 1007-2(a)(5) of the local bankruptcy rules, annexed hereto as **Exhibit "2"** is a list containing the names of the holders of the Debtor's five (5) largest secured claims.

---

[1] St. John's Newfoundland has virtually no statute of limitations with respect to sexual abuse claims; the State of Washington has a "delayed discovery" rule.

[2] The majority of the Debtor's largest unsecured creditors consist of plaintiffs in pending abuse cases. These claims are unliquidated. To protect the identity of the alleged abuse victims, consistent with a state court order, actual names have not been listed but counsel for the plaintiffs is referenced in the list filed under Federal Rules of Bankruptcy Procedure 1007(d).

8. Pursuant to Rule 1007-2(a)(6) of the local bankruptcy rules, annexed hereto as **Exhibit "3"** is a summary of the Debtor's assets and liabilities. This is an internally generated estimate of assets and liabilities and may require certain adjustments.

9. The Debtor does not have any publicly held shares, debentures, or other securities.

10. There is no property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledge, assignee of rents, liquidators, secured creditors, or agents of such person.

11. The Debtor's assets consist primarily of real estate, accounts receivable and donor restricted cash. The Debtor's books and records are located at 21 Pryer Terrace, New Rochelle, New York 10804.

12. The Debtor is managed through a board of directors (the "Directors"). The Directors are Brother Daniel Casey, Brother Kevin Griffith, Brother Barry Lynch, Brother Anthony Murphy, Brother Hugh O'Neill, and Brother Raymond Vercruysse. The Directors do not receive a salary. The Directors do obtain certain modest stipends, reimbursement of expenses and payment of medical benefits.

13. Aside from the Directors, the Debtor has seven (7) full time employees. The Debtor's weekly payroll is approximately $8,800, inclusive of all payroll taxes.

14. The Debtor is not a tenant under any non-residential real property lease.

15. The Debtor is a party to numerous lawsuits pending primarily in Washington State and Newfoundland, Canada. Some of the lawsuits in Washington State are close to being trial ready.

16. The Debtor expects to obtain cash grants, as well as other miscellaneous sources of cash to fund its various operations in the amount of approximately $700,000 for the thirty (30)

day period following the Chapter 11 filing. The Debtor's operating expenses during this same thirty (30) day period should be approximately $600,000.

17. The Debtor intends to continue in operation and propose a plan of reorganization which treats all creditors in a fair and equitable manner consistent with the provisions of the Bankruptcy Code.

/s/ Brother Kevin Griffith
Brother Kevin Griffith
Vice-President

Sworn to before me this
28th day of April, 2011

/s/ Anthony D. Dougherty
Anthony D. Dougherty
Notary Public, State of New York
No. 314985701
Qualified in New York County
Commission Expires August 26, 2013