**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for*
*The Christian Brothers' Institute and*
*The Christian Brothers of Ireland, Inc.*
*Debtors and Debtors-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
In re:                                              :    Chapter 11
                                                    :
THE CHRISTIAN BROTHERS' INSTITUTE,                  :    Case No.: 11-22820 (RDD)
                                                    :
                          Debtor.                   :    (Joint Administration Pending)
------------------------------------------------------------------- x
In re:                                              :    Chapter 11
                                                    :
THE CHRISTIAN BROTHERS OF IRELAND, INC.,            :    Case No.: 11-22821 (RDD)
                                                    :
                          Debtor.                   :    (Joint Administration Pending)
------------------------------------------------------------------- x

**DEBTORS' APPLICATION FOR AN ORDER (A) AUTHORIZING JOINT
ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES; (B) AUTHORIZING
A CONSOLIDATED MAILING MATRIX; AND (C) GRANTING RELATED RELIEF**

TO:  THE HONORABLE ROBERT D. DRAIN
     UNITED STATES BANKRUPTCY JUDGE

The Christian Brothers' Institute ("CBI")[1] and The Christian Brothers of Ireland, Inc. ("CBOI"),[2] the above-captioned debtors and debtors-in-possession (individually a "Debtor" and together, the "Debtors"), by their proposed counsel, Tarter Krinsky & Drogin LLP, respectfully represent as follows:

---

[1] The last four digits of CBI's employer identification number are 0153 and its mailing address is 21 Pryer Terrace, New Rochelle, New York 10804.
[2] The last four digits of CBOI's employer identification number are 0603 and its mailing address is 10001 S. Pulaski, Room 106, Chicago, IL 60655-3356.

## SUMMARY OF RELIEF REQUESTED

1. By this Application, Debtors seek entry of an order, in substantially the form being filed herewith as **Exhibit "A,"** (a) authorizing joint administration of the Debtors' Chapter 11 cases (as defined below, the "Cases") for procedural purposes only, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules), and (b) authorizing a consolidated mailing matrix. The Debtors respectfully submit that no party will be prejudiced by virtue of the relief requested in this Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights.

2. In support of this Application, the Debtors rely upon and incorporate by reference each of the Affidavits filed in the Cases pursuant to Local Rule 1007-2 (the "1007-2 Affidavits") required by the local bankruptcy rules for this District (the "Local Rules") and filed concurrently herewith.

3. Given the provisions of the Code (defined below) and the Bankruptcy Rules, as well as the Debtors' affiliation, joint administration of these Cases is warranted. Both joint administration and a consolidated mailing matrix will avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders in each of the Cases, thereby saving the Debtors' estates considerable expense and resources. The relief requested will not adversely affect creditors' rights as the Debtors request only administrative, and not substantive, consolidation of their respective estates.

## JURISDICTION, VENUE AND STATUTORY BASES FOR RELIEF

4. This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334, and the order of reference, dated July 10, 1984 (Ward, C.J.).

5. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

6. Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§1408 and 1409.

7. The statutory bases for relief are § 105(a) and Rules 1015(b), 2002(n) and 9007 of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

8. On April 28, 2011 (the "Petition Date"), each of the Debtors commenced their Chapter 11 cases (the "Cases") by filing a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Code"). Pursuant to §§1107(a) and 1108 of the Code, the Debtors continue to operate as debtors-in-possession. No trustee has been appointed. No official committee of unsecured creditors has been appointed.

9. CBI is a domestic not-for-profit 501(c)(3) corporation organized under §102(a)(5) of the New York Not-for-Profit Corporation Law. CBI was formed in 1903 pursuant to Section 57 of the then existing New York Membership Law. The Not-for-Profit Corporation Law replaced the Membership Law effective September 1, 1970. The purpose for which CBI was, and continues to be, formed was to establish, conduct and support Catholic elementary and secondary schools principally throughout New York State. As a not-for-profit corporation, the assets, and/or income are not distributable to, and do not inure to the benefit of its directors, or officers. CBI depends upon grants and donations to fund a portion of its operating expenses.

10. CBOI is a domestic not-for-profit 501(c)(3) corporation organized under the Not-for-Profit Corporation Law of the State of Illinois. The purpose for which CBOI was, and continues to be, formed was to establish, conduct and support Catholic elementary and secondary schools principally throughout the State of Illinois, as well as other spiritual and temporal affairs of the former Brother Rice Province of the Congregation of Christian Brothers. As a not-for-profit corporation, the assets, and/or income are not distributable to, and do not inure to the benefit of its members, or officers. CBOI also depends upon grants and donations to fund a portion of its operating expenses.

## REQUEST FOR JOINT ADMINISTRATION

11. The Debtors respectfully request at this time to have their Cases jointly administered, without substantive consolidation, with the <u>In re The Christian Brothers' Institute</u> Case being designated as the lead Case. The Debtors respectfully submit that joint administration will ease and expedite management of their Cases and eliminate considerable expenses arising as a result of multiple filings in these Cases.

12. Pursuant to Rule 1015(b), "(i)f . . . two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are affiliated entities and share the same board of directors. This Court is therefore authorized to grant the requested relief.

13. It would be far more practical and expedient for the administration of these Cases if the Court were to authorize their joint administration. Many of the motions, hearings and orders that will arise in the Cases will affect both Debtors. Without joint administration of these matters, the Debtors will be required to file pleadings in each of their Cases, and any interested parties will be required to do the same. Such duplication of efforts and expenses will continue if joint administration is not authorized. Consequently, joint administration will reduce costs and facilitate a more efficient administrative process, unencumbered by the procedural problems otherwise attendant to the administration of separate, albeit related, Cases.

14. Joint administration will also allow the Court and the Debtors to employ a single docket for all of the Cases and to confine, and thereby simplify, notices to creditors and other interested parties. Joint administration will also enable interested parties in each of the Cases to stay apprised of all matters before the Court. Finally, joint administration will ease the burden on the United States Trustee in supervising these Cases.

15. The rights of the Debtors' respective creditors will not be adversely affected by the joint administration of the Cases because this Motion requests only administrative, not

substantive, consolidation of the estates. As a result of the relief requested herein, all of the Debtors' creditors will benefit from the reduced costs to the estate, and to themselves, as a result of the requested joint administration. The Court will also be relieved of the burden of entering duplicate orders and maintaining duplicate files. Finally, supervision of the administrative aspects of the Cases by the United States Trustee will be simplified.

16. Based on the foregoing, the joint administration of the Cases is in the best interests of the Debtors, their creditors, and all other interested parties. Accordingly, the Debtors respectfully request entry of an order directing that, with the exception of Schedules, Statements of Financial Affairs, and matters relating exclusively to a single Debtor, all future pleadings and orders, whether captioned in one or more of the Cases, be filed and docketed exclusively under the docket number of <u>In re The Christian Brothers' Institute</u> Case No. 11-22820 (RDD) as the lead case.

17. The Debtors also request that the caption of the lead case be modified to reflect the joint administration of such cases, as follows:

------------------------------------------------------------------x
In re:                                          :   Chapter 11
                                                :
THE CHRISTIAN BROTHERS' INSTITUTE, *et al.*     :   Case No.: 11-22820 (RDD)
                                                :
                Debtor.                         :   (Jointly Administered)
------------------------------------------------------------------x

18. The Debtors also request that a docket entry be made in each of the Cases as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of In re The Christian Brothers' Institute, Case No. 11-22820 (RDD) and In re Christian Brothers of Ireland, Inc., Case No. 11-22821 (RDD). The case docket in Case No. 11-22820 (RDD) (The Christian Brothers' Institute) should be consulted for all matters affecting the above listed cases.

### REQUEST FOR CONSOLIDATED MAILING MATRICES

19. As the Cases each have separate but overlapping mailing matrixes, the Debtors request that all future notices to the creditors or other interested parties in the Cases be directed to be made from one consolidated mailing matrix, so as to avoid duplicate mailings and related costs.

### NOTICE

20. Notice of this Application has been sent to the United States Trustee for the Southern District of New York. In light of the procedural nature of the relief requested, the Debtors respectfully submit that no further notice is required.

### NO PRIOR REQUEST

21. No prior request for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Debtors respectfully request the entry of an order of this Court, in substantially the form being filed herewith as **Exhibit "A**," and granting to the Debtors such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 29, 2011

        **TARTER KRINSKY & DROGIN LLP**
        *Proposed Attorneys for*
        *The Christian Brothers' Institute*
        *The Christian Brothers of Ireland, Inc.*
        *Debtors and Debtors-in-Possession*

        By: /s/ Scott S. Markowitz
             Scott S. Markowitz
             1350 Broadway, 11th Floor
             New York, New York 10018
             (212) 216-8000