HEARING DATE: NOVEMBER 15, 2013
HEARING TIME: 10:00 A.M.

TARTER KRINSKY & DROGIN LLP
*Attorneys for The Christian Brothers' Institute, et al.*
*Debtors and Debtors-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
In re:                                            :    Chapter 11
                                                  :
THE CHRISTIAN BROTHERS' INSTITUTE, *et al.*       :    Case No.: 11-22820 (RDD)
                                                  :
                              Debtors.            :    (Jointly Administered)
---------------------------------------------------------------- x

### NOTICE OF MOTION FOR AN ORDER PURSUANT TO §1125(b) OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 3017 AND 3018 APPROVING THE JOINT DISCLOSURE STATEMENT FILED BY THE DEBTORS AND THE CREDITORS COMMITTEE AND APPROVING SOLICITATION PROCEDURES AND RELATED RELIEF INCLUDING ESTIMATING SEXUAL ABUSE CLAIMS AT $1.00 FOR VOTING PURPOSES ONLY

**PLEASE TAKE NOTICE,** that The Christian Brothers' Institute and the The Christian Brothers of Ireland, Inc., debtors and debtors-in-possession (collectively, the "Debtors"), will move before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on **November 15, 2013 at 10:00 a.m.**, for an order substantially in the form annexed hereto as **Exhibit A** pursuant to §1125(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3017 and 3018 (i) approving the joint disclosure statement, dated August 22, 2013, filed by the Debtors and the Creditors Committee as containing adequate information, (ii) authorizing and approving certain plan solicitation procedures and materials, (iii) approving forms of ballots, and (iv) estimating sexual abuse claims at $1.00 for voting purposes only.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the motion, must be made in writing, must conform to the requirements of the Bankruptcy Code and the Federal

Rules of Bankruptcy Procedure, must set forth with reasonable specificity the basis thereof, and must be filed no later than 5:00 p.m. on November 8, 2013, by registered users of the Court's electronic case filing system, electronically in accordance with General Order M-399. A copy of such response must also be delivered to the Chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, 300 Quarropas Street, White Plains, New York 10601, and served upon and received by (i) Tarter Krinsky & Drogin LLP, attorneys for the Debtors, 1350 Broadway, 11th Floor, New York, New York 10018, Attn: Scott Markowitz, Esq.; (ii) Pachulski Stang Ziehl & Jones LLP, counsel to the Official Creditors' Committee, 780 Third Avenue, 36th Floor, New York, New York 10017, Attn: James I. Stang, Esq./Ilan D, Scharf, Esq.; (iii) Drinker Biddle & Reath LLP, counsel to Providence Washington Insurance Company, One Logan Square, Suite 2000, Philadelphia, PA 19103-6996, Attn: Michael F. Brown, Esq./Warren Pratt, Esq.; (iv) Paul K. Schwartzberg, Esq., Staff Attorney to the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014; and (v) The Law Office of Paul A. Richler, special insurance counsel to the Official Creditors' Committee, 15332 Antioch St., Suite 305, Pacific Palisades, CA 90272, Attn: Paul A. Richler, Esq. Any response must set forth the grounds for and the facts supporting the response and must: (i) identify the response by the name of the responding party, (ii) indicate the hearing date on the upper right hand of the objection, and (iii) bear the caption and case number of this case.

Dated: New York, New York
        September 30, 2013

<div style="margin-left:40%">

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for The Christian Brothers' Institute, et al.*


By:___/s/  Scott S. Markowitz_____
        Scott S. Markowitz
        1350 Broadway, 11th Floor
        New York, New York 10018
        (212) 216-8000

</div>

**Hearing Date and Time:  November 15, 2013 at 10:00 am**
**Objection Date: November 8, 2013 at 4:00 p.m.**

TARTER KRINSKY & DROGIN LLP
Scott S. Markowitz
1350 Broadway, 11th Floor
New York, NY 10018
Telephone: 212/216-8000

Attorneys for The Christian Brothers' Institute, et
al., Debtors and Debtors in Possession


Paul A. Richler, Esq.
LAW OFFICES OF PAUL A. RICHLER
15332 Antioch Street, Suite 305
Pacific Palisades, CA 90272
Telephone: 310/862-0045
Facsimile: 310/612-2501

Special Insurance Counsel to the Official
Committee of Unsecured Creditors

PACHULSKI STANG ZIEHL & JONES LLP
James I. Stang, Esq.
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067-4003
Telephone: 310/277-6910
Facsimile: 310/201-0760

PACHULSKI STANG ZIEHL & JONES LLP
Ilan D. Scharf, Esq.
780 Third Avenue, 36th Floor
New York, NY  10017-2024
Telephone: 212/561-7700
Facsimile: 212/561-7777

Attorneys for Official Committee of Unsecured
Creditors of The Christian Brothers' Institute and
The Christian Brothers of Ireland, Inc.


# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE CHRISTIAN BROTHERS' INSTITUTE, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 11-22820 (RDD)<br><br>(Jointly Administered) |


### MOTION FOR AN ORDER (A) APPROVING DISCLOSURE STATEMENT AND (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT PLAN INCLUDING ESTIMATION OF <u>SEXUAL ABUSE CLAIMS AT $1.00 FOR VOTING PURPOSES ONLY</u>


TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

The Christian Brothers' Institute, Inc. and The Christian Brothers of Ireland, Inc.

(the "<u>Debtors</u>") and the Official Committee of Unsecured Creditors (the "<u>Committee</u>")

(collectively, the "Proponents"), by and through its respective undersigned counsel, respectfully represent:

## Summary of Relief Requested

1.   By this motion (the "Motion") and pursuant to Sections 105, 502, 503, 1125, 1126 and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003, 3017, 3018 and 3020 of the Federal Rules Of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 3003-1 and 3017-1 of the Local Bankruptcy Rules For The Southern District Of New York (the "Local Rules"), the Proponents seek entry of an order (i) approving the Disclosure Statement (the "Disclosure Statement") filed on August 22, 2013, in support of the "Joint Chapter 11 Plan Of Reorganization Proposed By The Christian Brothers' Institute and The Christian Brothers Of Ireland, Inc. and The Official Committee Of Unsecured Creditors" (the "Plan"), dated August 22, 2013, as it may be hereafter modified or amended, and (ii) establishing the procedures for solicitation and tabulation of votes to accept or reject the Plan, including estimating sexual abuse claims at $1.00 for voting purposes only.

2.   For the convenience of the Court and parties in interest, a summary timeline for the deadlines and hearings proposed by the procedures applicable to or requested in this Motion is as follows:

<div>

(a)      Deadline to object to adequacy of Disclosure Statement: November 8, 2013;

(b)      Disclosure Statement hearing: November 15, 2013;

(c)      Commencement of Plan Solicitation period/completion of service of Solicitation Packages: November 29, 2013;

(d)      Deadline for Rule 3018(a) motions: December 10, 2013;

</div>

(e)        Voting Deadline: January 3, 2014;

(f)        Deadline to object to Confirmation of the plan: January 3, 2014

(g)        Confirmation Hearing: January 9, 2014.

## Jurisdiction and Venue

3.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4.   On April 28, 2011 (the "Petition Date"), The Christian Brothers' Institute, Inc. and The Christian Brothers of Ireland, Inc. commenced their cases under chapter 11 of the Bankruptcy Code (the "Cases").

5.        The Cases have been jointly administered for administrative purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.

6.        On May 19, 2011, the U.S. Trustee appointed the Committee in both of the Cases.

7.        The Debtors' exclusive period to file and solicit acceptances to a plan of reorganization has expired.

8.        On September 2, 2011, the Court entered an order approving the retention of Omni Management Group as the claims, noticing and balloting agent for the Debtors (the "Balloting Agent")

## The Plan and Disclosure Statement

9.        The Proponents have negotiated a consensual plan of reorganization, through formal mediation.  The Proponents filed the Plan which provides for the ongoing

fulfillment of the Debtors' mission, the disposition and distribution of certain assets of the Debtors and non-monetary covenants encompassing the Debtors' response to the sexual abuse claims. The Plan also provides the Debtors with a discharge pursuant to Section 1141 of the Bankruptcy Code.

10.    In accordance with Bankruptcy Rule 3017(a), the Proponents have obtained from the Court a date and time for a hearing to consider approval of the Disclosure Statement (the "Disclosure Statement Hearing"), which will be held at 10:00 a.m. on November 15, 2013, or as soon thereafter as counsel may be heard.

### Relief Requested

11.    Through this Motion, the Proponents respectfully request that the Court enter an order (i) approving the Disclosure Statement as it may be hereafter modified or amended and (ii) establishing the procedures for solicitation and tabulation of votes to accept or reject the Plan, including estimating sexual abuse claims at $1.00 for voting purposes only.

### A.    The Disclosure Statement Contains Adequate Information

12.    Creditors and interest holders whose rights would be impaired are entitled to vote on a proposed plan of reorganization. How creditors and interest holders vote is informed, in part, by a disclosure statement. Pursuant to Section 1125(a) of the Bankruptcy Code, a disclosure statement must contain "adequate information," which is defined in the Bankruptcy Code as "information of a kind, and in sufficient detail, as far as is reasonably practicable . . . that will enable a hypothetical reasonable investor . . . to make an informed decision."[1] The Bankruptcy Code requires such "adequate information" so that holders of voting claims or interests will have sufficient financial and operating information to enable them to

---

[1]    11 U.S.C. §1125(a)(1).

make an "informed judgment" whether to accept or reject a proposed plan of reorganization.[2]  In order to comply with the requirements of Section 1125, a disclosure statement must specifically disclose all of the material facts that would enable creditors to make an informed judgment with respect to the plan of reorganization.[3]

13.    In examining the adequacy of the information contained in a disclosure statement, the Bankruptcy Court has broad discretion.[4]  Accordingly, the determination of whether a disclosure statement contains adequate information is to be made on a case-by-case basis, focusing on the unique facts and circumstances of each case.[5]

14.    In the instant cases, the Disclosure Statement contains information concerning (i) the Plan, (ii) the circumstances that gave rise to the filing of the bankruptcy petitions, (iii) a description of the Debtors' available assets, (iv) the source of information provided in the Disclosure Statement, (v) the financial condition and performance of the Debtors while in chapter 11, (vi) information regarding claims against the Debtors' estates, (vii) a liquidation analysis identifying the estimated return to creditors under a theoretical chapter 7 liquidation of the Debtors' assets, (viii) a summary of the Plan, (ix) information relevant to the

---

[2]    *See In re Valrico Sq. Ltd. P'ship*, 113 B.R. 794, 795 (Bankr. S.D. Fla. 1990); *In re Stanley Hotel, Inc.*, 13 B.R. 926, 929 (Bankr. D. Col. 1981) ("[T]he information to be provided [in a disclosure statement] should be comprised of all those factors presently known to the plan proponent that bear upon the success or failure of the proposals contained in the plan").  *See also, Century Glove, Inc. v. First American Bank of New York*, 860 F.2d 94, 100 (3d Cir. 1988); *In re Phoenix Petroleum Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001); *In re River Village Associates*, 181 B.R. 795, 804 (Bankr. E.D. Pa. 1995); *In re Monroe Well Service, Inc.*, 80 B.R. 324, 330 (Bankr. E.D. Pa. 1987).

[3]    *See In re SM 104 Ltd.*, 160 B.R. 202, 227 (Bankr. S.D. Fla. 1993) ("In order for the court to approve a disclosure statement, the court must be satisfied that it contains information sufficient for a 'hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan . . .'") (quoting section 1125).

[4]    *See Abel v. Shugrue (In re Ionosphere Clubs, Inc.)*, 179 B.R. 24, 29 (S.D.N.Y. 1995); *Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).  *See also Dakota Rail*, 104 B.R. at 143 (court has "wide discretion to determine . . . whether a disclosure statement contains adequate information without burdensome, unnecessary and cumbersome detail").

[5]    *In re Copy Crafters Quickprint, Inc.*, 92 B.R., 973 979 (Bankr. N.D.N.Y. 1988).

risks attendant to the Plan, (x) the existence, likelihood and possible success of non-bankruptcy

litigation, (xi) the federal tax consequences of the Plan, (xii) the relationship of the Debtors with

affiliates, and (xiii) the distributions to be made under the Plan on the Effective Date.  The

Proponents will continue to review the Disclosure Statement filed, and, based upon its on-going

review and further material developments in the cases, may make additional non-substantive

changes and disclosures prior to the Disclosure Statement Hearing.  Any such additional

disclosures would only increase the amount of information being provided to parties in interest,

and consequently, will only further substantiate why the Disclosure Statement contains adequate

information.  Accordingly, the Proponents submit that, given the facts and circumstances of these

Cases, the Disclosure Statement contains adequate information within the meaning of Section

1125 of the Bankruptcy Code and, thus, should be approved.

**B.**     **Approving Solicitation Packages and Procedures for Distribution**

15.     Bankruptcy Rule 3017(d) sets forth the materials that must be provided to

holders of claims, and to the extent applicable, equity interests for the purpose of soliciting their

votes and providing adequate notice of the hearing on confirmation of a plan of reorganization:

> Upon approval of a disclosure statement, -- except to the extent
> that the court orders otherwise with respect to one or more
> unimpaired classes of creditors or equity security holders, -- the
> debtor in possession, trustee, proponent of the plan, or clerk as the
> court orders, shall mail to all creditors and equity security holders,
> and in a chapter 11 reorganization case shall transmit to the United
> States trustee,
>
> > (1)     the plan or a court-approved summary of the plan;
> >
> > (2)     the disclosure statement approved by the court;
> >
> > (3)     notice of the time within which acceptances and
> > rejections of such plan may be filed; and
> >
> > (4)     any other information as the court may direct,
> > including any court opinion approving the
> > disclosure statement or a court-approved summary
> > of the opinion.

> In addition, notice of the time fixed for filing objections and the
> hearing on confirmation shall be mailed to all creditors and equity
> security holders in accordance with Rule 2002(b), and a form of
> ballot conforming to the appropriate Official Form shall be mailed
> to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bank. P. 3017(d).

16.    After the Court has approved the Disclosure Statement as containing adequate information as required by Section 1125 of the Bankruptcy Code, except as provided in paragraph 19 herein, the Proponents propose to mail solicitation packages (the "Solicitation Packages") containing copies of (i) the Disclosure Statement Approval Order substantially in the form attached hereto as **Exhibit A**, (ii) the Notice of Disclosure Statement Approval and Confirmation Hearing substantially in the form attached hereto as **Exhibit B** and (iii) the approved Disclosure Statement (together with the Plan annexed thereto as "Exhibit A") which will be filed with the Court following approval and upon the mailing.  The Solicitation Packages will be mailed no later than November 29, 2013 (the "Solicitation Date") to (i)(a) the attorneys for the Debtors, Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, New York  10018, Attn:  Anthony Dougherty, Esq. and Scott Markowitz, Esq.;  (b) attorneys for the Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017, Attn:  Ilan D. Scharf, Esq., and Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067, Attn:  James I. Stang, Esq. and (c) the Office of the U. S. Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn:  Paul Schwartzberg, Esq. (collectively, the "Notice Parties"), (ii) all persons or entities that filed proofs of claim on or before the date of the Notice of Disclosure Statement Approval and Confirmation Hearing, except to the extent that a claim was

paid pursuant to, or expunged by, prior order of the Bankruptcy Court, (iii) all persons or entities listed in the Debtors' Schedules of assets and liabilities or any amendment(s) thereof (the "Schedules"), as holding liquidated, noncontingent, and undisputed claims, in an amount greater than zero[6], (iv) all parties to executory contracts listed in the Schedules, (v) the Internal Revenue Service, (vi) any entity that has filed with the Court a notice of transfer of a claim under Bankruptcy Rule 3001(e) prior to the date of the Notice of Disclosure Statement Approval, (vii) any other known holders of claims against the Debtors, and (viii) state and local taxing authorities.  In addition, the Proponents request relief from Bankruptcy Rule 3017(a) (which requires notice of the Disclosure Statement Hearing on the Securities Exchange Commission), since the Debtors do not and have not issued publicly traded securities.

17.    In the case of Classes 4, 5 and 6 Claimants, the Proponents propose that one (1) Solicitation Package be sent to counsel of record for all of such counsel's clients, provided that each counsel will receive a separate Ballot for each client. On request, Proponents would provide counsel with additional Solicitation Packages.

18.    The Proponents propose to provide certain additional solicitation materials in the Solicitation Packages.  Specifically, holders of claims and interests in classes entitled to vote to accept or reject the Plan will receive (i) an appropriate form of Ballot and a Ballot return envelope and (ii) such other materials as the Court may approve and/or direct.

19.    Consistent with Sections 1126(f) and (g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), holders of claims and interests in classes under the Plan that are

---

[6]    Bankruptcy Rule 3003(c)(2) provides in relevant part that "any creditor . . . whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated . . . who fails to [timely file a proof of claim] shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."  Fed. R. Bankr. P. 3003(c)(2).

deemed to accept or reject the Plan under Section 1126(f) or (g) of the Bankruptcy Code shall not receive a Solicitation Package as set forth above.  Instead, such holders of claims and interests shall receive (i) the Disclosure Statement Approval Order, (ii) the Notice of Disclosure Statement Approval and Confirmation Hearing and (iii) a Notice of Non-Voting Status (as defined below).

20.    Finally, in order to increase efficiency and reduce expenses, the Proponents propose the following procedures:

      (a)      Creditors in any given class who hold multiple or duplicate claims in one class against the Debtors shall receive only one (1) Solicitation Package and one (1) Ballot;

      (b)      Creditors who have filed proofs of claim on or before the General Bar Date (as defined below) and who are also listed in the Schedules shall receive only one (1) Solicitation Package and one (1) Ballot; and

      (c)      Creditors who have provided more than one address shall receive one (1) Solicitation Package and one (1) Ballot for each address provided.

## C.    Approving Forms of Ballots and Establishing Procedures for Voting on the Plan

### 1.    Approval of Form of Ballots and Master Ballots

21.    Bankruptcy Rule 3017(d) requires a plan proponent to mail a form of ballot, which substantially conforms to Official Form No. 14, only to "creditors and equity security holders entitled to vote on the plan."  Fed. R. Bankr. P. 3017(d).  The Proponents propose to distribute to certain creditors, as described below, one or more Ballots substantially in the forms annexed hereto in "**Exhibit C**" and incorporated herein by reference. As noted above, Ballots for Classes 4, 5 and 6 will be mailed to counsel of record and to the creditor if such creditor is unrepresented. The appropriate Ballot forms, as applicable, will be distributed to holders of claims in Classes 4, 5, and 6 (unless otherwise represented by counsel) and to holders

of claims in class 8 under the Plan, which classes are entitled to vote to accept or reject the Plan.

Ballots for Class 4, 5 and 6 Claimants may be completed and signed by counsel of record for the

Claimant.  The forms for the Ballots are based on Official Form No. 14, except that the Ballot for

Class 4 Claims is modified to reflect an election to be treated as a Sexual Abuse Litigation

Claimant and to include releases for Participating Parties.  The forms for the Ballots for Class 5

and 6 Claims are modified to include releases for Participating Parties.

### 2. Notice of Non-Voting Status to Holders of Claims Deemed to Accept or Reject the Plan

22.    Holders of claims in Class 1 (Other Priority Claims), Class 2 (Secured

Claims), Class 3 (General Unsecured Convenience Claims) and Class 7 (Maintenance Claims)

are not impaired under the Plan and, therefore, are deemed to accept the Plan.  Consequently,

such creditors are not entitled to vote to accept or reject the Plan.  Holders of claims in Class 9

(Penalty Claims) and Class 10 (Abuse Related Contingent Contribution / Reimbursement /

Indemnity Claims) will receive no property under the Plan and, therefore, are deemed to reject

the Plan.  Consequently, such Claims are not entitled to vote to accept or reject the Plan.[7]

23.    Bankruptcy Rule 3017(d) provides, in relevant part, as follows:

> If the court orders that the disclosure statement and the plan or a
> summary of the plan shall not be mailed to any unimpaired class,
> notice that the class is designated in the plan as unimpaired and
> notice of the name and address of the person from whom the plan
> or summary of the plan and disclosure statement may be obtained
> upon request and at the plan proponent's expense, shall be mailed
> to members of the unimpaired class together with the notice of the
> time fixed for filing objections to and the hearing on confirmation.

Fed. R. Bank. P. 3017(d).

---

[7]    *See* 11 U.S.C. § 1126(g); *see also In re The Leslie Fay Companies*, 207 B.R. 764 (Bankr. S.D.N.Y. 1997) (classes that would receive nothing under the debtor's proposed plan did not have the right to vote as they were conclusively presumed to have rejected the plan pursuant to 11 U.S.C. § 1126(g)); *In re Walnut Equip. Leasing*, 1999 WL 1068448, at *2 (Bankr. E.D. Pa. Nov. 23, 1999) ("A class that is to receive nothing under a plan is deemed to reject the plan and is not entitled to vote.") (citing 11 U.S.C. §1126(g)).

24.    The Proponents propose to send to holders of interests in Classes 1, 2, 3, 7 9 and 10 which are not entitled to vote under the Plan (a) a notice of non-voting status, substantially in the forms attached hereto as "**Exhibit D**" (the "Notice of Non-Voting Status"), which identify the treatment of the classes designated and set forth the manner in which a copy of the Plan and Disclosure Statement may be obtained, (b) the Disclosure Statement Approval Order and (c) the Notice of Disclosure Statement Approval and Confirmation Hearing.

25.    The Proponents submit that such notice satisfies the requirements of Bankruptcy Rule 3017(d).

### 3.    Establishing Voting Deadline for Receipt of Ballots

26.    Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court shall fix a time within which the holders of claims or interests may accept or reject a plan.  The Proponents anticipate commencing the solicitation period within seven (7) days after the entry of an order approving the Disclosure Statement.  Based on such schedule, the Proponents propose that in order to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed, and delivered to the Proponents' balloting agent, (i) by first-class mail, in the return envelope provided with each Ballot, (ii) by overnight courier, or (iii) by personal delivery so that it is received by the Balloting Agent no later than 5:00 p.m. on January 3, 2014 (the "Voting Deadline"), which is approximately (35) thirty five days after the proposed commencement of the solicitation period.  This solicitation period should be a sufficient period within which creditors and interest holders can make an informed decision to accept or reject the Plan.

### 4.    Approval of Procedures for Vote Tabulation

27.    Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been
> accepted by creditors, other than any entity designated under
> subsection (e) of this Section, that hold at least two-thirds in
> amount and more than one-half in number of the allowed claims of
> such class held by creditors, other than any entity designated under
> subsection (e) of this Section, that have accepted or rejected such
> plan.

11 U.S.C. § 1126(c).  Further, Section 502(c) of the Bankruptcy Code provides that any

contingent or unliquidated claim shall be estimated for the purpose of allowance.  Bankruptcy

Rule 3018(a), which complements Bankruptcy Code Section 502(c), provides that the "court

after notice and hearing may temporarily allow the claim or interest in an amount which the court

deems proper for the purpose of accepting or rejecting a plan."  Fed. R. Bankr. P. 3018(a).

28.    The foregoing general procedure will apply to Creditors voting on the

Plan:

(a)    If a claim is deemed allowed in accordance with the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

(b)    If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(c)    If a claim is listed in the Schedules at zero or as contingent, unliquidated, or disputed and/or a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Proponents have consented in writing, the Proponents propose that such claim be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c).

(d)    Except as to Classes 4, 5 and 6 Claims, if a Debtor has served an objection to a claim at least ten (10) days before the Voting Deadline, the creditor whose claim is the subject of the objection shall receive a Ballot pre-printed with the amount sought by the Debtor(s) in such objection and

(e)       As to Classes 4, 5 and 6 Claims, each Claim will be temporarily allowed for voting purposes only in the amount of one dollar ($1.00).

29.       In accordance with paragraph 28(e), this temporary allowance is solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a claim, and without prejudice to the rights of the Proponents or Non-Settling Insurers in any other context.  This temporary allowance is not intended to affect, impair or diminish the Abuse Claimants rights against non-Debtor entities which may be co-defendants in litigation commenced against the Debtors who are not Participating Parties or Non Settling Insurers.   In fact, the temporary allowance of unliquidated tort claims at $1.00 is a fairly common practice as recognized by a number of reported and unreported decisions and orders.[8]

30.       The Proponents believe that the foregoing proposed procedures provide for a fair and equitable voting process.  If any creditor seeks to challenge the allowance of its claim for voting purposes in accordance with the above procedures, the Proponents request that the Court direct such creditor to serve on the Proponents and file with the Court (with a copy to Chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan so as to be received on or before December 13, 2013 at 4:00 p.m. (prevailing Eastern Time).   The Proponents further propose, in accordance with Bankruptcy Rule 3018, that, as to any creditor

---

[8]       In re Johns-Manville Corporation, 68 B.R. 618 (Bankr. S.D.N.Y. 1986), aff'd, 843 F.2d 636 (2d Cir. 1988); In re A.H. Robins Company, Inc., 880 F.2d 694 (4th Cir. 1989); In re Simon, 2008 WL 2953471 (Bankr. E.D. Va. July 29, 2008).  Indeed, numerous sexual abuse cases have estimated sexual abuse claims at $1 for voting purposes only. In re Catholic Diocese of Wilmington, Inc., Case No. 09-13560 (Bankr. D. Del. May 20, 2011); In re Catholic Bishop of Northern Alaska, Case No. 08-00110 (Bankr. D. Alaska Dec. 17, 2009);  In re Diocese of Davenport, Case No. 06-02229 (S.D. Iowa April 2, 2008); In re The Catholic Bishop of Spokane, Case No. 04-08822 (Bankr. E.D. Wash. March 8, 2007);

filing such a motion, such creditor's Ballot should not be counted unless temporarily allowed by the Court for voting purposes, after notice and a hearing.[9]

31.    In tabulating the Ballots, the following additional procedures shall be utilized:  (a) any Ballot that is properly completed, executed and timely returned to counsel to the Balloting Agent but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, shall be deemed a vote to accept the Plan; (b) if no votes to accept or reject the Plan are received with respect to a particular class that is entitled to vote, such class shall be deemed to have voted to accept the Plan; (c) if a creditor, or any person acting on behalf of a creditor or interest holder under applicable law, casts more than one Ballot voting the same claim or interest before the Voting Deadline, the latest dated Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior Ballots; (d) creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their votes within a particular class; thus, a Ballot (or a group of Ballots) within a particular class received from a single creditor that partially rejects and partially accepts the Plan shall be deemed to have voted to accept the Plan and (e) the person signing the creditor's proof of claim may complete and sign the creditor's Ballot.

32.    Further, for purposes of determining whether the numerosity and claim amount requirements of Sections 1126(c) and 1126(d) of the Bankruptcy Code have been satisfied, the balloting agent will tabulate only those Ballots received by the Voting Deadline.

33.    The Plan Proponents further propose that the following Ballots not be counted or considered for any purpose in determining whether the Plan has been accepted or

---

[9]      This proposed procedure is consistent with section 1126 of the Bankruptcy Code, which provides that a plan may be accepted or rejected by the holder of a claim allowed under section 502 of the Bankruptcy Code. Section 502 of the Bankruptcy Code provides that a filed proof of claim is deemed allowed, "unless a party in interest . . . objects."  11 U.S.C. § 502.

rejected:  (i) any Ballot received after the Voting Deadline unless the Proponents shall have granted in writing an extension of the Voting Deadline with respect to such Ballot; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the creditor; (iii) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan; (iv) any Ballot cast for a claim scheduled at zero or as unliquidated, contingent, or disputed for which no proof of claim was timely filed; (v) any unsigned Ballot; and (vi) any Ballot transmitted to counsel to the balloting agent by facsimile, email or other electronic means.  The Proponents and balloting agent shall be permitted to contact creditors in an attempt to cure the deficiencies specified herein.

### Notice

34.    The Proponents propose to provide notice of this Motion by serving a notice in the form annexed hereto as "**Exhibit E"**.  Since applicable Bankruptcy Rules only require notice to all creditors of a hearing to approve a disclosure statement and most of the relief requested herein is ministerial other than the estimation of sexual abuse claims at $1.00 for voting purposes only, the Debtors submit that such notice complies with the applicable Bankruptcy Rules.

35.    The Proponents will also serve a complete copy of this motion with exhibits upon all parties who filed a notice of appearance and request for service of documents as well as the United States Trustee for the Southern District of New York.

36.    No previous motion for the relief requested herein has been made by the Proponents to this or any other Court.

**WHEREFORE**, the Proponents respectfully requests entry of an order substantially in the form annexed hereto as "**Exhibit A**" granting the relief sought herein and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York          TARTER KRINSKY & DROGIN LLP
          September 30, 2013

                                       By:  /s/  Scott S. Markowitz
                                            Scott S. Markowitz
                                            1350 Broadway, 11th Floor
                                            New York, New York 10018
                                            Tel: (212) 216-8000

                                       *Counsel for The Christian Brothers' Institute, et al.*
                                       *Debtors and Debtors-in-Possession*

Dated:    New York, New York          PACHULSKI STANG ZIEHL & JONES LLP
          September 30, 2013

                                       By:  /s/  James I. Stang
                                            James I. Stang, Esq.
                                            Ilan D. Scharf, Esq.
                                            780 Third Avenue, 36th Floor
                                            New York, New York 10017
                                            Tel: (212) 561-7700
                                            Fax: (212) 561-7777

                                       *Counsel for the Official Committee of Unsecured*
                                       *Creditors*