**PATTERSON BUCHANAN FOBES & LEITCH, INC., P.S.**
2112 Third Avenue, Suite 500
Seattle, Washington 98121
(206) 462-6700
Michael A. Patterson, Esq., NYSBA Reg. No. 3615283
*Attorneys for the Corporation of the Catholic Archbishop of Seattle*
*Party-In-Interest*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| THE CHRISTIAN BROTHERS' INSTITUTE, et al., | : | Case No. 11-22820 (RRD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

### OBJECTION OF THE CORPORATION OF
### THE CATHOLIC ARCHBISHOP OF SEATTLE, PARTY-IN-INTEREST

The Corporation of the Catholic Archbishop of Seattle, a Party-in-Interest ("Seattle AD") by and through its attorneys, respectfully states as follows:

### SUMMARY

The Seattle AD objects to confirmation of the First Amended Joint Chapter 11 Plan of Reorganized ("Plan") proposed by the Christian Brothers' Institute and Christian Brothers of Ireland, Inc., and the Official Committee of Unsecured Creditors, pursuant to 11 U.S.C. § 1129(a)(1) and (a)(3).

Specifically, the Plan, particularly with regard to the treatment and its attempt to except from discharge Sexual Abuse Litigation Claimants ("Litigation Claimants") is in conflict with the effect of a grant of discharge of such claims under the same Plan; is inconsistent with 11 U.S.C. § 1141, and is not proposed in good faith.

As the Court is aware, the matters involving the Seattle AD as a co-defendant in litigation with certain claimants have been mediated to a tentative resolution by the

308142.docx

appointed mediator in this case, Hon. Elizabeth S. Stong, United States Bankruptcy Judge for the Eastern District of New York.  However, resolution of the claims, which would include settlements of all of the pending claims in which the Seattle AD is a co-defendant, and would provide for the Seattle AD and its insurers to be Participating Parties under the Plan, and would further result in the appointment of a Future Claims Representative, have been delayed due to circumstances outside the control of the Seattle AD, its insurers, and perhaps the Christian Brothers' Institute ("CBI") and Christian Brothers of Ireland, Inc. ("CBOI") (together "Debtors").  The Seattle AD files this objection pending the anticipation of resolution of these issues.

## FACTUAL BACKGROUND

The Seattle AD has been named as a co-defendant in a number of cases filed in the State of Washington, most of which previously have been removed to this Court. Debtors, at least one party obtaining "Participating Party" protection, Congregation Christian Brothers-NAP, and other parties, including the Congregation of Christian Brothers, have been named as defendants in such litigation, although certain lawsuits have omitted Debtors, having been filed subsequent to the automatic stay.

Under a number of policies providing certain levels of insurance coverage for the Seattle AD, the Congregation of Christian Brothers ("CCB") is a joint insured.  Prior to the commencement of the bankruptcy case, and in some circumstances after commencement (with Court approval), settlements were reached with claimants with the Debtors or Participating Parties effectively being treated as joint insureds.  The Plan purports to assign rights the Debtors or Participating Parties may have in said policies, in which the Seattle AD is also an insured, to the Trust created in the Plan.

308142.docx

The Seattle AD put considerable time and energy into extensive negotiations and mediation with mediators Thomas Harris, of Seattle, Washington, and Judge Stong, as previously noted, and believes that it could achieve resolution of all outstanding matters with regard to the joint insurance policies referred to herein, as well as the liability of the Seattle AD as a co-defendant in claims and future claims against the Debtors, the Seattle AD, and its insurers, as they are described in Section 7.1.15(a)(b)(c) of the Plan.

The Seattle AD is also an unsecured creditor in this matter, having filed Proof of Claim No. 34-2, which claim is currently under objection by the Debtors, **Debtor's Objection to Claim of the Corporation of the Catholic Archbishop of Seattle Pursuant to 11 U.S.C. § 502(b), 502(e)(1)(B) and Federal Rule of Bankruptcy Procedure 3007** (Doc. 625).

## OBJECTION OF SEATTLE AD

Specifically, the Seattle AD objects to confirmation of the Plan in its current form due to the manner in which Litigation Claimants are treated under the Plan. Combined with the boldface language in Section 15.1.1 and 15.1.2, Section 7.1.11 calls into question such proposals being made in good faith pursuant to 11 U.S.C. § 1129(a)(3). Additionally, this creates an inconsistency with the provisions of the Debtors' discharge under 11 U.S.C. § 1129(a)(1) insofar as the Debtors are receiving a discharge while explicitly stating in the Plan that as to the Litigation Claimant, they are not receiving a discharge.

The Seattle AD argues that the combined effect of Section 7.1.11 and Section 15, and in particular Sections 15.1.1 and 15.1.2, results in an anomaly.

As to the Debtors, the Litigation Claimant can recover nothing more than what he or she could have recovered as an Allocation Plan Claimant against the Trust. Other than the nominal benefits provided to the Trust, under Section 7.1.14, there is no impact upon the Trust either. In other words, should a Litigation Claimant obtain a judgment against the Debtors for $1 million, and his or her allocation claim was previously determined to be $50,000; then his or her recovery is exactly the same. There is no recourse against the Debtors, and there is no actual or potential dilution of other claimants receiving allocations by the Trust, whether they are Litigation Claimants or Allocation Plan Claimants.

Section 7.1.11 goes further in stating that "the creation and existence of this reserve…cannot be used by any Co-Defendant as a defense to any joint liability with the Debtors or Reorganized Debtors." In other words, in the case where, e.g., the Seattle AD is a co-defendant with the Debtors, the plain and obvious fact that the Debtors are discharged of this obligation, due to the confirmation of a Chapter 11 bankruptcy plan, cannot be used by any co-defendant.

The Seattle AD does not dispute that 11 U.S.C. § 1141 provides for circumstances in which the Debtors can obtain confirmation of a Plan that limits its discharge in certain respects, or even does not provide for a discharge; however, the Seattle AD would argue that it is neither in good faith nor following applicable law (§ 1141) for the Debtors to receive a discharge, which the Debtors are effectively receiving in this case, while providing a mechanism for Litigation Claimants to assert what is simply not accurate; that is, that such discharge does not exist.

The Seattle AD recognizes that the purpose of the provisions objected to are to accommodate Litigation Claimants in the pursuit of joint and several liability against co-defendants such as the Seattle AD.  However, in this case, the Debtors will otherwise be receiving each and every benefit of a discharge, as well as retaining property and continuing operations, with such property and operations fully protected by the "non-discharge" discharge.  While all claimants, whether Litigation Claimants or not, should be unaffected with regard to any claims they have against third parties other than the Debtors, the Reorganized Debtors, or a Participating Party (as specifically is provided for, properly in Section 7.1.4 with regard to Allocation Plan Claimants), this Plan, insofar as it seeks the blessing of a process that would effectively grant a discharge, but allow a Litigation Claimant to argue otherwise, should not be confirmed.

## CONCLUSION

The Seattle AD requests that the Plan not be confirmed, or that any confirmation be expressly conditioned upon an order providing that effectively all Sexual Abuse Claims are discharged against the Debtors.

Respectfully submitted this 3rd day of January, 2014.

**PATTERSON BUCHANAN FOBES & LEITCH, INC., P.S.**

     **s/ Michael A. Patterson**     
Michael A. Patterson,
NYSBA Reg. No. 3615283
2112 Third Avenue, Suite 500
Seattle, Washington 98121
Telephone:    (206) 462-6700
Facsimile:    (206) 462-6701
Email:  map@pattersonbuchanan.com
*Attorneys for the Corporation of the Catholic Archbishop of Seattle Party-In-Interest*

308142.docx