**Presentment Date and Time:  April 11, 2014 at 12:00 p.m.**
**Objection Deadline:  April 10, 2014 at 4:00 p.m.**

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica, Boulevard, 11th Floor
Los Angeles, California 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
James I. Stang, Esq. (admitted *pro hac vice*)

            -and-

780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Ilan D. Scharf, Esq.

Counsel for Eric Schwarz, in his capacity as
Trustee of The Christian Brothers' Institute and
The Christian Brothers of Ireland, Inc. Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE CHRISTIAN BROTHERS' INSTITUTE, *et al.*,<br><br>         Debtors. | Chapter 11 Case<br><br>Case No. 11-22820 (RDD)<br>(Jointly Administered) |

**NOTICE OF PRESENTMENT OF APPLICATION OF THE TRUSTEE OF
THE CHRISTIAN BROTHERS' INSTITUTE AND THE CHRISTIAN
BROTHERS OF IRELAND, INC. TRUST TO APPOINT ALEC OSTROW
AS THE REPRESENTATIVE FOR SEATTLE FUTURE SEXUAL
ABUSE CLAIMANTS _NUNC PRO TUNC_ TO FEBRUARY 10, 2014**

    **PLEASE TAKE NOTICE** that the undersigned will present the annexed *Application of*

*the Trustee of the Christian Brothers' Institute and the Christian Brothers of Ireland, Inc. Trust*

*to Appoint Alec Ostrow as the Representative for Seattle Future Sexual Abuse Claimants Nunc*

*Pro Tunc to February 10, 2014* (the "Application") to the Honorable Robert D. Drain, United

States Bankruptcy Judge, for signature on **April 11, 2014 at 12:00 p.m.**


      **PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the Application must be in writing, must conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), must set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtor's estate or property, the basis for the objection and the specific grounds therefor and must be filed with the Bankruptcy Court, no later than **April 10, 2014 at 4:00 p.m.**, electronically in accordance with applicable rules and orders of the Bankruptcy Court, and any objection must further be served upon and actually received by the following parties (with a copy to Chambers) no later than **April 10, 2014 at 4:00 p.m.** to: Pachulski Stang Ziehl & Jones LLP 780 Third Avenue, 36th Floor, New York, NY 10017-2024 (Attn: Ilan D. Scharf, Esq.);

DOCS_NY:31041.1 14012/003

**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Application are

timely filed, served and received in accordance with this Notice, the Bankruptcy Court may

approve the Application without further notice or hearing.

Dated:   New York, New York        PACHULSKI STANG ZIEHL & JONES LLP
            March 24, 2014

*/s/ Ilan D. Scharf*

James I. Stang, Esq.
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760

- and -

Ilan D. Scharf, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

Counsel for Eric Schwarz, in his capacity as
Trustee of The Christian Brothers' Institute and
The Christian Brothers of Ireland, Inc. Trust

3

Presentment Date:  April 11, 2014 at 12:00 p.m.
Objection Deadline:  April 10, 2014 at 4:00 p.m.

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica, Boulevard, 13th Floor
Los Angeles, California 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
James I. Stang, Esq. (admitted *pro hac vice*)

-and-

780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Ilan D. Scharf, Esq.

Counsel for Eric Schwarz, in his capacity as
Trustee of The Christian Brothers' Institute and
The Christian Brothers of Ireland, Inc. Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE CHRISTIAN BROTHERS' INSTITUTE, *et al.*, | Case No. 11-22820 (RDD) |
| Reorganized Debtors. | |

**APPLICATION OF THE TRUSTEE OF THE CHRISTIAN BROTHERS'**
**INSTITUTE AND THE CHRISTIAN BROTHERS OF IRELAND, INC.**
**TRUST TO APPOINT ALEC OSTROW AS THE**
**REPRESENTATIVE FOR SEATTLE FUTURE SEXUAL**
**ABUSE CLAIMANTS *NUNC PRO TUNC* TO FEBRUARY 10, 2014**

Eric Schwarz, in his capacity as the Trustee (the "Trustee") of The Christian Brothers'

Institute and The Christian Brothers of Ireland, Inc. Trust (the "Trust"), appointed pursuant to the

confirmed Plan (as defined below) in the above-captioned cases (collectively, the "Cases") of

The Christian Brothers' Institute  and The Christian Brothers of Ireland, Inc. (collectively, the

"Debtors" or the "Reorganized Debtors") under chapter 11 of Title 11 of the United States Code

(as amended, the "<u>Bankruptcy Code</u>"), hereby submits his application (the "<u>Application</u>") for

entry of an order appointing Alec Ostrow ("<u>Ostrow</u>") as the representative for Seattle Future

Sexual Abuse Claimants (as defined below) *nunc pro tunc* to February10, 2014, pursuant to the

*Agreement to Retain Future Claims Representative* (the "<u>Agreement</u>")[1] attached hereto as

**<u>Exhibit A</u>**.  In support of the relief sought in the Application, the Trustee also submits the

declaration of Alec Ostrow (the "<u>Ostrow Declaration</u>"), attached hereto as **<u>Exhibit B</u>**.  In further

support of his Application, the Trustee respectfully states as follows:

<u>**Relevant Facts**</u>

A.      <u>**Background**</u>

1.      On April 28, 2011, each of the Debtors commenced its respective Case by

filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continued to operate as debtors

in possession throughout these Cases.

2.      On May 2, 2011, the Court entered an order consolidating the Debtors'

Cases for administrative purposes only [Docket No. 8].  No trustee or examiner was appointed in

the Debtors' Cases prior to confirmation of the Plan.  The purpose of these Cases was to address

the Debtors' liability for sexual abuse by individuals for whom the Debtors were responsible.

3.      On May 11, 2011, the United States Trustee appointed six members of the

Official Committee of Unsecured Creditors (the "<u>Committee</u>").  On May 23, 2011, the United

States Trustee appointed a seventh member to the Committee.  The Committee was comprised of

survivors of sexual abuse by individuals for whom the Debtors were responsible.

---

[1] To the extent there is any conflict between the terms of the Agreement and the description thereof in this Application, the terms of the Agreement shall govern.

**B.**     <u>Confirmation of the Plan</u>

4.     On January 13, 2014, after a hearing, the Court entered its *Order Confirming First Amended Joint Plan of Reorganization Proposed by The Christian Brothers' Institute and The Christian Brothers of Ireland, Inc. and the Official Committee of Unsecured Creditors* (the "<u>Confirmation Order</u>") [Docket No. 652].  Pursuant to the Confirmation Order, the Court confirmed the *Modified First Amended Joint Chapter 11 Plan of Reorganization of The Christian Brothers' Institute and The Christian Brothers of Ireland, Inc. and the Official Committee of Unsecured Creditors* (the "<u>Plan</u>"), which is attached as Exhibit A to the Confirmation Order.

5.     The Plan includes various settlements and terms that, among other things: (a) preserve Sexual Abuse Claimants' (as defined in the Plan) rights to recover from third parties, including joint tortfeasors and insurers, because the Debtors' assets were not sufficient to satisfy all Sexual Abuse Claims; (b) provides for a channeling injunction to facilitate settlements with insurers and other third parties; and (c) includes provisions that allow for a "springing" future claims representative, who may be appointed after confirmation to facilitate post-confirmation settlements.[2]

6.     The Effective Date of the Plan was January 28, 2014.  Pursuant to the Plan and the Confirmation Order, as of the Effective Date, the Trust was established, the Trustee was appointed as Trustee of the Trust, and the Debtors became the "Reorganized Debtors."

**C.**     <u>Sexual Abuse Claims Arising Out of Seattle</u>

7.     Approximately thirty-six (36) of the holders of Sexual Abuse Claims against the Debtors assert that the Corporation of the Catholic Archbishop of Seattle, a

---

[2] To the extent there is a conflict between the terns of the Confirmation Order or the Plan, on the one hand, and the description thereof in this Application, on the other hand, the term of the Plan or Confirmation Order shall govern.

corporation sole (the "Seattle Archdiocese"), is jointly and severally liable with the Debtors on

account of the actions that gave rise to such claimants' Sexual Abuse Claims.  Prior to

confirmation of the Plan, the Committee, the applicable holders of Sexual Abuse Claims, the

Seattle Archdiocese and various insurance carriers attempted to negotiate and mediate a global

settlement.  However, a settlement was not reached before confirmation of the Plan.

8.    The Plan provides for a channeling injunction, which among other things,

prevents prosecution of Abuse Claims against Participating Parties and Settling Insurers (each as

defined in the Plan).  *See* Plan at § 15.9.  The Plan also provides a mechanism for third parties or

insurers to become Participating Parties or Settling Insurers, as the case may be, after the

Effective Date.  *See* Plan at §§ 10.10 and 10.11.  Finally the Plan provides for the retention of a

future claims representative upon application by the Trustee after the Effective Date.  *See* Plan at

§ 10.12.

9.    The Seattle Archdiocese has expressed an interest in becoming a

Participating Party and settling existing Seattle Sexual Abuse Claims and Future Seattle Sexual

Abuse Claims (each as defined in the Agreement).  However, in order to settle Future Seattle

Sexual Abuse Claims, potential holders of such claims must have a representative to represent

their interests.  As such, the Trustee, along with the Seattle Archdiocese, has determined to retain

Ostrow as the representative of holders of Seattle Future Sexual Abuse Claims.

### Relief Requested

10.    By this Application, the Trustee respectfully requests that the Court enter

an order, substantially in the form annexed hereto as **Exhibit C**, appointing Ostrow as the

representative of Seattle Future Sexual Abuse Claimants (as defined in the Agreement) pursuant

to the terms of the Agreement.  The Trustee requests that Ostrow be retained, *nunc pro tunc* to

February10, 2014, because Ostrow and his proposed counsel began providing services as of such date.

## Jurisdiction and Venue

11.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, the Confirmation Order and the Plan.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

12.      The bases for the relief requested herein are Paragraph 22 of the Confirmation Order and Section 10.12 of the Plan.

## Services to be Provided

13.      Ostrow will be retained as the as the representative for Seattle Future Sexual Abuse Claimants pursuant to the terms of the Agreement in order to (a) evaluate (i) the likely number, if any, of Seattle Future Sexual Abuse Claimants and (ii) the likely value, if any, of any Seattle Sexual Abuse Claims that any Seattle Future Sexual Abuse Claimants may assert against the Debtors and/or the Seattle Archdiocese and (b) negotiate the terms of a settlement of any Seattle Future Sexual Abuse Claims on behalf of Seattle Future Sexual Abuse Claimants.  In connection with such evaluation, Ostrow will consider:

> (a)      Publicity of Seattle Sexual Abuse Claims, including:
>
> > i.      An overview of general publicity of such claims to date;
> >
> > ii.      The Bar Date Order, Sexual Abuse Claim Bar Date and notice procedures therefor approved by the Court; and
> >
> > iii.      Available information regarding the alumni of Briscoe Memorial School and O'Dea High School used in providing notice;

(b)     Any Seattle Sexual Abuse Claims filed in the Debtors' Cases, including each Seattle Sexual Abuse Claimant's age, date of birth, dates and locations of abuse, and a summary of the abuse described therein; provided, however, that any such Seattle Sexual Abuse Claims shall have the names and other personally identifying information of Seattle Sexual Abuse Claimants (other than date of birth) redacted;

(c)     Terms of previous settlements between the Archdiocese and any person regarding Seattle Sexual Abuse Claims;

(d)     Information regarding persons identified as perpetrators of Sexual Abuse in any Seattle Sexual Abuse Claims (whether asserted before or after the Petition Date) and other relevant information regarding such persons, including:

   i.     The identities of such persons;

   ii.    The dates that each such person was present at, affiliated with or assigned to O'Dea High School, Briscoe Memorial School and/or any other applicable school or institution;

   iii.   The nature of such person's affiliation with O'Dea High School, Briscoe Memorial School, the Debtors, the Archdiocese and/or any other applicable school or institution;

   iv.    The current status of any such person.

(e)     The statute(s) of limitations applicable to any potential Seattle Future Sexual Abuse Claims; and

(f)     Any other information that Ostrow may consider necessary to carry out his duties.

**<u>Scope of Authority</u>**

14.     Ostrow's authority will include:

(a)     Assessing and reviewing Seattle Sexual Abuse Claims;

(b)     Assessing and reviewing any other Sexual Abuse Claims (whether asserted before or after the Petition Date) to the extent necessary to evaluate potential Seattle Future Sexual Abuse Claims; provided, however, that any such Sexual Abuse Claims shall have the names

and personally identifying information (other than date of birth) redacted.

(c)    The authority to review settlement agreements (including agreements that have not been finalized as to non-monetary issues) between the Archdiocese and any person who has asserted a Seattle Sexual Abuse Claim (either before or after the Petition Date) against the Debtors and/or the Archdiocese; provided, however, that the Seattle Archdiocese shall redact the personally identifying information of the sexual abuse survivor party to such settlement agreement.

(d)    The authority to subpoena any necessary information pursuant to Fed. R. Bankr. P. 2004 or any other applicable authority.

(e)    The authority to review any transcripts of depositions conducted on account of any Seattle Sexual Abuse Claim (asserted either before or after the Petition Date) against the Debtors and/or the Seattle Archdiocese; provided, however, that the Seattle Archdiocese shall redact the personally identifying information of the sexual abuse survivor described in such transcripts.

(f)    The authority to review any documents and information (including documents and information obtained through discovery) in the possession, custody or control of the Seattle Archdiocese regarding any Seattle Sexual Abuse Claim (asserted either before or after the Petition Date); provided, however, that the Seattle Archdiocese shall redact the personally identifying information of any sexual abuse survivor in such documents or information.

(g)    The authority to interview any party regarding any Seattle Sexual Abuse Claims, including counsel to any sexual abuse survivor that has asserted a Sexual Abuse Claim, counsel to the Reorganized Debtors, and any insurers that may provide coverage for any Future Seattle Abuse Claims; provided, however, that Mr. Ostrow shall not be authorized to interview any sexual abuse survivor who has asserted a Sexual Abuse Claim against the Debtors or the Seattle Archdiocese without the written consent of such person's counsel.

(h)    The authority to review or assess any documents or information that Ostrow deems necessary to carrying out his duties and responsibilities under the Agreement; provided, however, that nothing shall obligate any Party or third-party to produce or provide documents or information to Ostrow.

(i)    The authority to retain counsel, including Becker, Glynn, Muffly, Chassin & Hosinski, LLP ("Becker Glynn"), subject to the approval of the Court.

(j)    The authority to retain such other professionals as Ostrow deems appropriate to assist him in the performance of his duties hereunder, subject to approval of the Court.

(k)    The authority to negotiate a settlement (which may include without limitation a channeling injunction and future claims reserve) on behalf of any Seattle Future Sexual Abuse Claimant(s) between and among such claimants, the Trustee, the Seattle Archdiocese and any other party (including insurance carriers).

## Terms of Retention

15.    Subject to Court approval and the Agreement, compensation will be payable to Ostrow for his services at his customary hourly rate of $765.00.  Ostrow's retained professionals shall disclose to the Court, the Trustee and other parties in interest, any fees that they may charge. Ostrow intends to retain Becker Glynn as his counsel.  Becker Glynn's customary hourly rates for work of this nature are   $225 to $765 for attorneys and $135 to $190 for paralegals.   Subject to Court approval of the Agreement, Ostrow and his professionals shall be reimbursed by the Seattle Archdiocese for any reasonable costs and disbursements including, without limitation, travel, photocopying, other overnight courier, telephone, facsimile, messenger, and other customary charges.

16.    Ostrow will be paid a retainer (the "Retainer") of $125,000.  The Retainer will be funded by the Seattle Archdiocese.  The Retainer will be held as security for unpaid fees and expenses and will not earn interest.  The Seattle Archdiocese will be required to pay any Court-approved amounts due in excess of the Retainer.

17.    Ostrow and his professionals shall file on the docket for the Cases and provide counsel for the Trustee and the Seattle Archdiocese, via email and first class mail, a

monthly bill (any such bill, a "<u>Monthly Bill</u>") reflecting his or their, as the case may be, fees and expenses incurred during each month.

18.    The sole source of payment of the fees and expenses by Ostrow in connection with the Agreement will be the Seattle Archdiocese.  The Trust will not be liable for any fees or expenses incurred by Ostrow and/or his professionals.

## No Cost to the Trust

19.    The Seattle Archdiocese will pay the Trust $100,000 in order to compensate the Trust for any expenses incurred by the Trust or its professionals in connection with Ostrow's retention as the representative of holders of Seattle Future Sexual Abuse Claims and negotiations, if any, to settle any Seattle Future Sexual Abuse Claims.  Such payment is in addition to any amounts due to Ostrow or his professional pursuant to the Agreement.  The Trust and its professionals shall not submit invoices or requests for payment to the Seattle Archdiocese or any other party.  Nothing in the Agreement or this Application shall obligate the Trustee to seek approval of any settlement proposed or requested by the Seattle Archdiocese or any other party.   Nothing in the Agreement or this Application shall be construed to require the Trust or the Trustee to pay any fees or expenses of Ostrow or his professionals for services rendered or expenses incurred in connection with the Agreement.

## Basis for Retention

20.    Pursuant to Sections 10.10 and 10.11 of the Plan, a party may become a Participating Party or Settling Insurer, as the case may be, upon consent of the Trustee.  In addition, Section 10.12 of the Plan contemplates the appointment of a future claims representative.  Section 10.12 provides, in relevant part, as follows:

> (a)    After the Effective Date, the Bankruptcy Court, after notice and hearing, may appoint one or more future claims representatives; provided that only the Trustee may seek the appointment of one or

more future claims representatives.  The Bankruptcy Court's order
appointing a future claims representative shall set forth the
constituency of the future claims representative.

(b)     The Bankruptcy Court's jurisdiction to approve an agreement
under this Section shall include jurisdiction to determine the
adequacy of notice of a motion to appoint a future claims
representative and to approve an agreement with the future claims
representative.

21.     The Confirmation Order further provides that the "Court shall retain and
have exclusive jurisdiction after the Effective Date over…[to] appoint a future claims
representative pursuant to section 10.12 of the Plan." Confirmation Order at ¶ 22.

22.     As described in the Ostrow Declaration, Ostrow is an experienced attorney
with over 30 years' experience in complex bankruptcy and restructuring matters.  Except as
disclosed in the Ostrow Declaration, Ostrow and his professionals do not have any conflicts with
or connections to the parties to these Cases, including the Seattle Archdiocese, its insurance
carriers, the holders of Seattle Sexual Abuse Claims, the Trustee, or the Reorganized Debtors.

23.     The Plan contemplated the retention of a future claims representative after
the Effective Date in order to facilitate negotiations between and among holders of Sexual Abuse
Claims against the Debtors and third parties who may be jointly or severally liable for such
Sexual Abuse Claims with the Debtors.  Mr. Ostrow's appointment and retention will help the
Seattle Archdiocese, Sexual Abuse Claimants and other entities attempt to negotiate a consensual
resolution of complex and painful sexual abuse claims.  As such, the Trustee respectfully
requests that the Court approve Ostrow's retention.

**Notice**

24.     Notice of this Application has been given to (a) the U.S. Trustee; (b)
counsel to the Reorganized Debtors; (c) all parties listed on the matrixes of creditors provided by
the Debtors' in these Cases; and (d) all parties that filed a notice of appearance in these Cases as

of the date hereof.  In light of the nature of the relief requested herein, the Trustee submits that

no other or further notice is required.

## No Prior Request

25.    No prior application for the relief sought herein has been made to this or

any other court.

WHEREFORE, the Trustee requests that this Court enter an order in each of the

Cases substantially in the form attached hereto as **Exhibit C** appointing Alec Ostrow, as

representative of Seattle Future Sexual Abuse Claimants *nunc pro tunc* February10, 2014 in

these Cases, and granting such other and further relief as is just and proper.

Dated:    New York, New York          PACHULSKI STANG ZIEHL & JONES LLP
          March 24, 2014

                                      */s/ Ilan D. Scharf*
                                      Ilan D. Scharf, Esq.
                                      780 Third Avenue, 36th Floor
                                      New York, NY  10017-2024
                                      Telephone:  (212) 561-7700
                                      Facsimile:   (212) 561-7777

                                              -and-

                                      James I. Stang, Esq. (admitted *pro hac vice*)
                                      10100 Santa Monica Blvd., Suite 1100
                                      Los Angeles, California 90067-4100
                                      Telephone:  (310) 277-6910
                                      Facsimile:   (310) 201-0760

                                      Counsel for Eric Schwarz, in his capacity as Trustee of
                                      The Christian Brothers' Institute and The Christian
                                      Brothers of Ireland, Inc. Trust

**EXHIBIT A**
**(Agreement)**

## AGREEMENT TO RETAIN FUTURE CLAIMS REPRESENTATIVE

It is hereby agreed (the "Agreement") between and among Eric Schwarz (the "Trustee"), in his capacity as the Trustee of The Christian Brothers' Institute and The Christian Brothers of Ireland, Inc. Trust (the "Trust"), the Corporation of the Catholic Archbishop of Seattle (the "Archdiocese"), and Alec Ostrow ("Ostrow"), by and through their undersigned counsel, to retain Ostrow as the representative for Seattle Future Sexual Abuse Claimants (as defined below). The Trustee, the Archdiocese, and Ostrow are referred to collectively herein as the "Parties" or, each individually, as a "Party."

## RECITALS

A.  Definitions

1.  "Abuse" means any act of Sexual Abuse, or physical non-sexual, mental, or emotional abuse.

2.  "Abuse Claim" means a Claim, asserted by or on behalf of an individual who is or claims to be the victim of Abuse, against the Debtors, including Sexual Abuse Claims, Physical Abuse Claims and Fraud Claims related to Abuse that occurred prior to the Petition Date causing a personal injury or wrongful death.

3.  "Abuse Claimant" means the holder of an Abuse Claim, the estate of a deceased Abuse Claimant, or the personal executor or personal representative of the estate of a deceased Abuse Claimant, as the case may be.

4.  "Bar Date Order") means the *Court's Order Approving Debtors' Motion for Order Establishing Deadlines for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* dated February 10, 2012 .

5.  "Channeling Injunction" means the injunction provided for under Section 15.9 of the Plan and any injunction provided for in, or required by, any Court-approved agreement with a Participating Party or a Settling Insurer.

6.  "Christian Brother" means a current or former vowed member of the Congregation of Christian Brothers, including without limitation novices, temporarily professed members, and perpetually professed members

7.  "Claim" means any past, present or future claim, demand, action, requests cause of action, suit, proceeding or liability of any kind or nature

whatsoever, whether at law or equity, known or unknown, asserted or unasserted, anticipated or unanticipated, accrued or unaccrued, fixed or contingent, which has been or may be asserted by or on behalf of any Person, whether seeking damages (including compensatory, punitive, or exemplary damages) or equitable, mandatory, injunctive, or any other type of relief, including cross-claims, counterclaims, third-party claims, suits lawsuits, administrative proceedings, notices of liability or potential liability, arbitrations, actions, rights causes of action or orders, and any claim within the definition of Section 101(5) of the Bankruptcy Code  or claim, as that term is defined in Section 101(5) of the Bankruptcy Code.

8.  "Confirmation Order" means the Court's *Order Confirming First Amended Joint Plan of Reorganization Proposed by The Christian Brothers' Institute and The Christian Brothers of Ireland, Inc. and the Official Committee of Unsecured Creditors* dated January 9, 2014.

9.  "Debtors" or "Reorganized Debtors" means The Christian Brothers' Institute and The Christian Brothers of Ireland, Inc.

10. "Effective Date" means January 28, 2014.

11. "Future Abuse Claimant" means Abuse Claimant who held an Abuse Claim against one or both of the Debtors, and (a) did not assert an Abuse Claim against the Debtors by August 1, 2012 and (b) who meets one of the following criteria:

      i.    The Abuse Claimant was under the applicable age of majority as of August 1, 2012; or

      ii.   The applicable state law statute of limitations governing such Abuse Claim, as it existed as of April 28, 2011, did not expire as of August 1, 2012.

12. "Participating Party" means those Persons or Entities listed on Exhibit 2.77 to the Plan, that are providing or will provide consideration or a portion of the funding for the Plan in exchange for (a) the release of any Abuse Related Contribution/Indemnity Claim (as defined in the Plan) by the Debtors against such Participating Party, (b) the benefit of a Channeling Injunction, and (c) any other benefits in favor of Participating Parties under the Plan.

13. "Plan" means the *Modified First Amended Plan of Reorganization Proposed by The Christian Brothers' Institute and The Christian Brothers*

of Ireland, Inc. and the *Official Committee of Unsecured Creditors* (including all exhibits and schedules annexed thereto) attached as an exhibit to the Confirmation Order.

14. "Seattle Future Sexual Abuse Claimant" means any Future Abuse Claimant who holds a Seattle Sexual Abuse Claim.

15. "Seattle Sexual Abuse Claim" means Sexual Abuse Claim for which the Debtors and the Seattle Archdiocese may be or may have been, at any time, jointly and severally liable.

16. "Sexual Abuse" means sexual conduct or misconduct, sexual abuse, sexual sadism or sexually-related harm or contacts, or interactions of a sexual nature between a child and an adult, or a non-consenting adult and another adult.  A child or non-consenting adult may be sexually abused whether or not this activity involves explicit force.

17. "Sexual Abuse Claims Bar Date" means August 1, 2012.

B. On April 28, 2011 (the "Petition Date"), the Debtors commenced cases (the "Cases") under chapter 11 of Title 11 of the United States Code before the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Cases are captioned *In re The Christian Brothers' Institute*, Case No. 11-22820(RDD) and *In re The Christian Brothers of Ireland, Inc.*, Case No. 11-22821(RDD).

C. Prior to the Petition Date, various individuals asserted claims against the Debtors, the Archdiocese, and certain other parties alleging, among other things, that the Debtors and the Archdiocese were jointly and severally liable for Sexual Abuse by individuals for whom the Debtors and/or the Archdiocese were responsible.

D. After the Petition Date, various parties commenced new actions against the Archdiocese and various other parties alleging, among other things, that the Archdiocese is liable for Sexual Abuse by individuals for whom the Debtors and the Archdiocese were responsible.

E. On February 10, 2012, the Court entered the Bar Date Order, which among other things, established the Sexual Abuse Claims Bar Date as the deadline to assert Sexual Abuse Claims against the Debtors in the Cases.

F.  As of the Effective Date, approximately 36 individuals filed Seattle Sexual Abuse Claims.

G.  At this time, the Parties do not know whether or not there are additional parties that may assert Seattle Sexual Abuse Claims.

H.  On January 9, 2014, the Court entered the Confirmation Order.

I.  Pursuant to the Confirmation Order, the Court approved the Plan.

J.  Pursuant to the Plan and the Confirmation Order, as of the Effective Date, the Trust was established and Trustee was appointed as the Trustee of the Trust.

K.  The Plan provides that, at the Trustee's sole discretion and subject to an order of the Court, additional parties may become Participating Parties under the Plan and entitled to all the protections afforded to Participating Parties under the Plan, including, without limitation, a Channeling Injunction.

L.  The Archdiocese may want to become a Participating Party pursuant to the Plan.

M.  The Trustee and the Archdiocese have determined that the appointment of a representative for holders of Future Seattle Sexual Abuse Claimants is necessary and appropriate in order to (a) assess the likely number of Seattle Future Sexual Abuse Claimants and the likely value of their claims and (b) represent any Seattle Future Sexual Abuse Claimants in negotiating a potential settlement of such claims with the Archdiocese, the Trustee and any other party.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth below and for other good, valuable and adequate consideration hereby deemed received, the Parties hereby stipulate and agree, subject to approval of the Court, as follows:

1.  The foregoing recitals are incorporated herein by reference as if fully set forth herein.

2.  Ostrow will be retained as the as the representative for Seattle Future Sexual Abuse Claimants in order to (a) evaluate (i) the likely number, if any, of Seattle Future Sexual Abuse Claimants and (ii) the likely value, if any, of any Seattle Sexual Abuse Claim that any Seattle Future Sexual Abuse Claimants may assert against the Debtors and/or the Archdiocese and (b) negotiate the terms of a

settlement of any Seattle Future Sexual Abuse Claims on behalf of Seattle Future Sexual Abuse Claimants.  In connection with his evaluation, Ostrow shall consider:

    a.  Publicity of Seattle Sexual Abuse Claims, including:

        i.  An overview of general publicity of such claims to date;

        ii.  The Bar Date Order, Sexual Abuse Claim Bar Date and notice procedures therefor approved by the Court; and

        iii.  Available information regarding the alumni of Briscoe Memorial School and O'Dea High School used in providing notice;

    b.  Any Seattle Sexual Abuse Claims filed in the Debtors' chapter 11 cases, including each Seattle Sexual Abuse Claimant's age, date of birth, dates and locations of abuse, and a summary of the abuse described therein; provided, however, that any such Seattle Sexual Abuse Claims shall have the names and other personally identifying information of Seattle Sexual Abuse Claimants (other than date of birth) redacted;

    c.  Terms of previous settlements between the Archdiocese and any person regarding Seattle Sexual Abuse Claims;

    d.  Information regarding persons identified as perpetrators of Sexual Abuse in any Seattle Sexual Abuse Claims (whether asserted before or after the Petition Date) and other relevant information regarding such persons, including:

        i.  The identities of such persons;

        ii.  The dates that each such person was present at, affiliated with or assigned to O'Dea High School, Briscoe Memorial School and/or any other applicable school or institution;

        iii.  The nature of such person's affiliation with O'Dea High School, Briscoe Memorial School, the Debtors, the Archdiocese and/or any other applicable school or institution;

        iv.  The current status of any such person.

    e.  The statute(s) of limitations applicable to any potential Seattle Future Sexual Abuse Claims; and

    f.  Any other information that Ostrow may consider necessary to carry out his duties.

3. Ostrow's authority shall include:

    a. Assessing and reviewing Seattle Sexual Abuse Claims;

    b. Assessing and reviewing any other Sexual Abuse Claims (whether asserted before or after the Petition Date) to the extent necessary to evaluate potential Seattle Future SexualAbuse Claims; provided, however, that any such Sexual Abuse Claims shall have the names and personally identifying information (other than date of birth) redacted.

    c. The authority to review settlement agreements (including agreements that have not been finalized as to non-monetary issues) between the Archdiocese and any person who has asserted a Seattle Sexual Abuse Claim (either before or after the Petition Date) against the Debtors and/or the Archdiocese; provided, however, that the Archdiocese shall redact the personally identifying information of the sexual abuse survivor party to such settlement agreement.

    d. The authority to subpoena any necessary information pursuant to Fed. R. Bankr. P. 2004 or any other applicable authority.

    e. The authority to review any transcripts of depositions conducted on account of any Seattle Sexual Abuse Claim (asserted either before or after the Petition Date) against the Debtors and/or the Archdiocese; provided, however, that the Archdiocese shall redact the personally identifying information of the sexual abuse survivor described in such transcripts.

    f. The authority to review any documents and information (including documents and information obtained through discovery) in the possession, custody or control of the Archdiocese regarding any Seattle Sexual Abuse Claim (asserted either before or after the Petition Date); provided, however, that the Archdiocese shall redact the personally identifying information of any sexual abuse survivor in such documents or information.

    g. The authority to interview any party regarding any Seattle Sexual Abuse Claims, including counsel to any sexual abuse survivor that has asserted a Seattle Sexual Abuse Claim, counsel to the Reorganized Debtors, and any insurers that may provide coverage for any Future Seattle Abuse Claims; provided, however, that Mr. Ostrow shall not be authorized to interview any sexual abuse survivor who has asserted a Sexual Abuse Claim against the Debtors or the Archdiocese without the written consent of such person's counsel.

    h. The authority to review or assess any documents or information that Ostrow deems necessary to carrying out his duties and responsibilities under this Agreement; provided, however, that nothing herein shall

obligate any Party or third-party to produce or provide documents or information to Ostrow.

    i.   The authority to retain counsel, including Becker, Glynn, Muffly, Chassin & Hosinski, LLP ("<u>Becker Glynn</u>"), subject to the approval of the Court.

    j.   The authority to retain such other professionals as Ostrow deems appropriate to assist him in the performance of his duties hereunder, subject to approval of the Court.

    k.   The authority to negotiate a settlement (which may include without limitation a channeling injunction and future claims reserve) on behalf of any Seattle Future Sexual Abuse Claimant(s) between and among such claimants, the Trustee, the Archdiocese and any other party (including insurance carriers).

4. Nothing herein shall affect any Party's or third-party's right to provide documents and information to Ostrow and/or his professionals that may assist Ostrow in carrying out his duties and responsibilities hereunder.

5. Subject to an order of the Court, Ostrow and any professionals retained by Ostrow may be deemed a "Permitted Party" pursuant to the Bar Date Order who will be authorized to have access to the Sexual Abuse Proof of Claim Forms (redacted to remove personal identifying information of Sexual Abuse Claimants) (as defined in the Bar Date Order) upon execution of a confidentiality agreement substantially in the form annexed to the Court's *Order (A) Authorizing Necessary Parties to Review Sexual Abuse Claims Forms and (B) Approving Form of Confidentiality Agreement*.

6. The Archdiocese shall be solely and fully liable for all reasonable fees and expenses incurred by Ostrow and any of his retained professionals hereunder. The Trustee, the Trust, the Reorganized Debtors, and any and all of their respective successors, assigns, advisors, attorneys, servants, employees, agents and representatives, shall not be liable to Ostrow or any of his professionals on account of any fees and\or expenses incurred in connection with his or their retention hereunder.

7. Notwithstanding the obligation of the Archdiocese to pay the reasonable fees and costs of Ostrow and his retained professionals pursuant and in accordance with this Agreement, the Parties understand and acknowledge that (a) Ostrow's sole responsibility and loyalty is to the class of Seattle Future Sexual Abuse Claimants and (b) Ostrow's professionals' sole responsibility and loyalty is to Ostrow. The Parties further understand and acknowledge that Ostrow's duties and loyalties may be adverse to the interests of the Archdiocese. The Archdiocese, therefore, hereby expressly acknowledges and agrees, after consultation with its counsel, that Ostrow's sole responsibility and loyalty is to the Seattle Future Sexual Abuse Claimants whose interests are likely adverse to the interests of Archdiocese.

8.  Ostrow may bill for his services at his customary hourly rate of $765. Ostrow's retained professionals shall disclose to the Court, the Trustee and other parties in interest, any fees that they may charge. Subject to Court approval of this Agreement, Ostrow and his professionals shall be reimbursed by the Archdiocese for any reasonable costs and disbursements including, without limitation, travel, photocopying, Federal Express or other overnight shipper, telephone, facsimile, messenger, and other customary charges.

9.  In light of the nature of the engagement currently contemplated, as a condition to his engagement, Ostrow requires a retainer (the "Retainer") at this time of $125,000. The Retainer shall be funded by the Archdiocese. The Retainer will be held as security for unpaid fees and expenses and will not earn interest. Upon submitting each bill to the Archdiocese and the Trustee and subject to paragraphs 10 and 11 below, Ostrow may apply the Retainer to each bill. The Archdiocese will be required to pay any Court-approved amounts due in excess of the Retainer. At the time of final billing, Ostrow will apply the appropriate amount from the Retainer and return any balance to the Archdiocese.

10. Ostrow and his professionals shall file on the docket for the Cases and provide to the undersigned counsel for the Trustee and the Archdiocese, via email and first class mail, a monthly bill (any such bill, a "Monthly Bill") reflecting his or their, as the case may be, fees and expenses incurred during each month.

11. The Archdiocese or the Trustee may object to payment of any of Ostrow's or his retained professionals' fees and expenses by submitting a letter (a "Fee Objection Letter") to Ostrow, via email and first class mail, with a copy to either the Trustee or the Archdiocese, as the case may be, within 14 days of transmittal of the Monthly Bill. The Archdiocese shall pay any undisputed fees of a Monthly Invoice pending resolution of any Fee Objection Letter. In the event that a Party transmits a Fee Objection Letter, the Parties shall proceed as follows:

    a.    Within 5 business days of transmittal of the Fee Objection Letter, the Parties shall meet and confer and attempt in good faith to resolve the dispute through negotiation.

    b.    If the matter has not been resolved within 20 days of transmittal of the Fee Objection Letter, Ostrow, on behalf of himself and/or his retained professionals, may move the Court or, if the Court no longer has jurisdiction over the Cases, any other court of competent jurisdiction for an order approving the requested fees and expenses

    c.    Upon entry of an order, not subject to appeal or reconsideration, by the Court or any other court of competent jurisdiction approving the requested fees and expenses, the Archdiocese shall pay the applicable amount to Ostrow within 5 business days.

12. In addition to any payments to Ostrow and his retained professionals, within 5 business days of Court approval of this Agreement, the Archdiocese shall transfer $100,000 to the Trust as reimbursement for expenses incurred in the past and to be incurred in the future in connection with Ostrow's retention, Ostrow's analysis of Seattle Future Sexual Abuse Claims , and any negotiations between and among Ostrow, the Trustee and any other party regarding a potential settlement of any Seattle Future Sexual Abuse Claims.

13. The terms of this Agreement are subject to approval of the Court upon an application by the Trustee in form and substance acceptable to the Archdiocese and Ostrow. Nothing herein shall obligate the Trustee to submit such application to the Court.

14. The terms of this Agreement shall become effective upon the Court approval thereof. The Court may approve the order *nunc pro tunc* to the date upon which Ostrow or any of his retained professionals began working on the matter.

15. Any modification of these terms shall be subject to Court approval and effective only if in writing and signed by the Trustee, the Archdiocese and Ostrow.

16. The interpretation of these terms shall be governed by the laws of the State of New York without giving effect to the choice of law provisions thereof.

17. Nothing herein shall obligate the Trustee, the Archdiocese, or Ostrow to agree to the terms of a potential settlement of Seattle Future Sexual Abuse Claims. Nothing herein shall obligate the Trustee to seek Court approval of any potential settlement of Seattle Future Sexual Abuse Claims. Nothing herein shall authorize any party other than the Trustee to seek Court approval of any potential settlement of Seattle Future Sexual Abuse Claims.

18. The Archdiocese hereby indemnifies and agrees to defend and hold harmless the Trustee, the Trust, Ostrow, Becker Glynn, and their respective partners, principals, employees, agents and professionals (the "Indemnified Parties"), to the fullest extent authorized by New York law, from and against any losses, claims, damages, or liabilities (or actions in respect thereof) to which any Indemnified Party may become subject as a result of or in connection with Ostrow's rendering services hereunder, and will promptly reimburse any Indemnified Party for all reasonable costs and expenses (including reasonable counsel fees and expenses) as they are incurred in connection with the investigation of, preparation for or defense arising from any threatened or pending claim, whether or not such Indemnified Party is a party to the claim and whether or not such claim, action or proceeding is initiated or brought by, or on behalf of , the Archdiocese; provided, however, that the foregoing indemnification obligation shall not apply only in the event it is finally judicially determined that such losses, claims, damages, or liabilities were caused by fraud, gross negligence or willful misconduct on the part of the Indemnified Parties in performing their obligations set forth under the terms and conditions of this letter.

19. Promptly after receipt by an Indemnified Party of notice of any intention or threat to commence an action, suit or proceeding or notice of the commencement of any action, suit or proceeding, such Indemnified Party will, if a claim in respect thereof is to be made against the Archdiocese pursuant hereto, promptly notify the Archdiocese in writing of same. Ostrow agrees that the Archdiocese shall have the right to control and direct the defense and settlement of any action, suit or proceeding through counsel selected by the Archdiocese. An Indemnified Party also may employ separate counsel to participate in the defense of any such action, provided that the employment of such counsel shall be at the Indemnified Party's own expense, unless: (i) the employment of such counsel has been authorized in writing by the Archdiocese; (ii) the Indemnified Party has reasonably concluded (based upon an opinion of counsel to the Indemnified Party which is reasonably satisfactory to the Archdiocese on order of a court of competent jurisdiction) that there exists a conflict or potential conflict of interest between the Indemnified Party and the Archdiocese; or (iii) the Archdiocese has not in fact employed counsel reasonably satisfactory to the Indemnified Party to assume the defense and settlement of such action within twenty (20) days after receiving notice of the action, suit or proceeding, in each of which cases, the reasonable fees, disbursements and other charges of such counsel will be at the expense of the Archdiocese. Any failure to delay by an Indemnified Party to give the notice referred to in this paragraph shall not affect such Indemnified Party's right to be indemnified hereunder, except to the extent that such failure or delay causes actual harm to the Archdiocese, or prejudices their ability to defend such action, suit or proceeding on behalf of such Indemnified Party. The Indemnified Parties shall not pay, permit to be paid, or settle any part of any claim unless the Archdiocese consents in writing to same, and the Archdiocese shall not settle any claim or any part thereof in such a way as to require any payment or action by, or any restriction on, the Indemnified Parties in their own capacities unless the Indemnified Parties consent in writing to same, but such consent by the Indemnified Parties shall not be unreasonably withheld.

20. The indemnification rights of the Indemnified Parties shall include, without limitation, (a) the right to be indemnified against any liability related to or resulting any information provided to the Indemnified Parties that is inaccurate in any respect as a result of misrepresentation, omission, or failure to update by the Archdiocese, or otherwise, unless such Indemnified Party actually knew of such inaccuracy at the time of such misrepresentation, omission, failure to update, or other occurrence; (b) the right to bring and be reimbursed for an action against the Archdiocese to compel them to perform their obligations under this Paragraph if such obligations have not been performed in full within twenty (20) days after a written claim that is delivered to the Archdiocese by an Indemnified Party for indemnification and/or defense of an action or proceeding covered by this Paragraph and/or payment of any defense expenses, including reasonable attorney's fees, incurred by an Indemnified Party in such an action proceeding, whether such action or proceeding is concluded, ongoing, or threatened; and (c) the right to be indemnified for any expenses, including attorney's fees, that an

Indemnified Party may incur in enforcing this Paragraph.  The rights provided by this Paragraph shall not be exclusive of any other right that any Indemnified Party may have or hereafter acquire under any statute, provision of the certificate of incorporation of the Archdiocese, by law, agreement, or otherwise.  In the event that full indemnification is not available to the Indemnified Parties as a matter of law, then, to the extent permitted by applicable law, their aggregate liability shall be limited to the total fees collected for the services rendered and, in any event, shall be limited by a final adjudication of their relative degree of fault and benefit received.

21. Nothing in this Agreement shall be construed as an indemnification by the Trust, the Trustee or the Reorganized Debtors of any Indemnified Parties or the Archdiocese.

22. Nothing in this Agreement shall be construed as modifying or amending the Plan or the Confirmation Order.  To the extent there is a conflict between the terms of this Agreement and the terms of the Plan and/or the Confirmation Order, the terms of the Plan and/or the Confirmation Order shall govern.


PACHULSKI STANG ZIEHL & JONES LLP

ALEC P. OSTROW


 _/s/ Ilan D. Scharf_____

James I. Stang Esq
Ilan D. Scharf, Esq.
780 Third Avenue, 36th Floor
New York, NY  10017-2024
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

_Counsel for the Eric Schwarz in his capacity as Trustee of the Christian Brothers' Institute and The Christian Brothers of Ireland, Inc. Trust_

  _/s/ Alec P. Ostrow_____

Alec P. Ostrow
c/o Becker, Glynn, Muffly,
Chassin & Hosinski, LLP
299 Park Avenue
New York, New York 10171
Telephone:  (212) 888-3033
Facsimile : (212) 888-0255

_Pro se_


PATTERSON BUCHANAN FOBES & LEITCH, INC., P.S.


 _/s/ Michael A. Patterson_____

Michael A. Patterson, Esq.
2112 Third Avenue, Suite 500
Seattle, WA 98121
Telephone:  (206) 462.6702
Facsimile:  (206) 462-6701

_Counsel for the Corporation of the Catholic Archdiocese of Seattle_

# EXHIBIT B
# (Ostrow Declaration)

DOCS_NY:30962.4 14012/003

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE CHRISTIAN BROTHERS' INSTITUTE, *et al.*, | Case No. 11-22820 (RDD) |
| Debtors. | |

**DECLARATION OF ALEC OSTROW IN SUPPORT OF APPLICATION
OF THE TRUSTEE OF THE CHRISTIAN BROTHERS' INSTITUTE
AND THE CHRISTIAN BROTHERS OF IRELAND, INC. TRUST
TO APPOINT ALEC OSTROW AS THE REPRESENTATIVE
FOR SEATTLE FUTURE SEXUAL ABUSE CLAIMANTS
*NUNC PRO TUNC* TO FEBRUARY 10, 2014**

ALEC OSTROW, declares under penalty of perjury as follows:

1.       I am a partner with the firm of Becker Glynn Muffly Chassin & Hosinski LLP ("Becker Glynn"), and maintain an office at 299 Park Avenue, New York, New York 10171.  I am duly admitted to practice law in the State of New York and the United States District Courts for the Southern, Eastern, and Western Districts of New York as well as the United States Court of Appeal for the Second Circuit.  I am authorized to submit this declaration (the "Declaration") in support of the *Application of the Trustee of the Christian Brothers' Institute and the Christian Brothers of Ireland, Inc. Trust to Appoint Alec Ostrow as the Representative for Seattle Future Sexual Abuse Claimants Nunc Pro Tunc to February 15, 2014* (the "Application").[3]

2.       I have agreed to be retained as the representative of Seattle Future Sexual Abuse Claimants pursuant to the terms of the Agreement.  As described in the Agreement, I intend to retain Becker Glynn as my counsel.

---

[3]  Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Application.

3.      Neither I, Becker Glynn, nor any partner, of counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the Trustee, the Reorganized Debtors, the Seattle Archdiocese, its insurance carriers, or any other parties in interest herein, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as set forth herein.

4.      Becker Glynn has made the following investigation of disinterestedness prior to submitting this Declaration.   Input into Becker Glynn's data base for conflicts checks have been the names of that appear on both Debtors' Schedules D (Creditors' Holding Secured Claims), G (Executory Contracts) and H (Codebtors), both Debtors' Amended Schedule F (creditors Holding Unsecured Nonpriority Claims), and the claims report of filed proofs of claims, all as downloaded from the website maintained for the Debtors' cases by Rust Consulting/Omni Bankruptcy.  No record of any prior representation of any named person has been found.

5.      Although I have never served as a future claims representative before, I have been a practicing bankruptcy lawyer for more than 30 years. I have represented debtors, trustees, examiners, creditors' committees, landlords, secured and unsecured creditors, asset purchasers, and defendants in adversary proceedings, principally in the Southern and Eastern Districts of New York, but also in courts around the country.  I have also been an adjunct professor of law at St. John's University in the LL.M. in Bankruptcy program for more than 12 years.  I am a fellow of the American College of Bankruptcy.  For eight years I served as co-chair of the Real Estate Committee of the American Bankruptcy Institute ("ABI").  I have published more than a dozen law review articles on numerous bankruptcy topics.  I have also

lectured on bankruptcy topics more than a dozen occasions for the ABI, the American Bar

Association, the New York State Bar Association, the New York Society of Certified Public

Accountants, the American Institute of Certified Public Accountants, and the Association of

Insolvency Restructuring Advisors.  I therefore believe that I am qualified to serve in the

capacity for which the approval of my employment is sought. Based on the foregoing, (a) I

believe that I am qualified to serve as the representative of Seattle Future Sexual Abuse

Claimants and (b) Becker Glynn can represent me in such capacity pursuant to the Agreement.

6.    To the extent applicable, I and Becker Glynn is a "disinterested person" as

that term is defined in section 101(14) of the Bankruptcy Code.

7.    Subject to Court approval and the Agreement, my compensation will be

my customary hourly rate of $765.00.  I intend to retain Becker Glynn as my counsel.  Becker

Glynn's customary hourly rates for work of this nature are  $225 to $765 for attorneys and $135

to $190 for paralegals.    Subject to the Agreement, I and my professionals will be reimbursed by

the Seattle Archdiocese for any reasonable costs and disbursements including, without limitation,

travel, photocopying, other overnight courier, telephone, facsimile, messenger, and other

customary charges.

8.    Pursuant to the Agreement, I will receive a retainer of $125,000 from the

Seattle Archdiocese as security for payment of my and my professionals' fees.  The Retainer will

be held as security for unpaid fees and expenses and will not earn interest.  The Seattle

Archdiocese will be required to pay any Court-approved amounts due in excess of the Retainer.

9.    The sole source of payment of my and my professionals' fees and

expenses in connection with the Agreement will be the Seattle Archdiocese.  The Trust will not

be liable for any fees incurred by me or my professionals.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

correct.


Dated:  New York, New York
        March 24, 2014

                                        */s/ Alec Ostrow*
                                        Alec Ostrow

**<u>EXHIBIT C</u>**
**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| THE CHRISTIAN BROTHERS' INSTITUTE, *et al.*, | Case No. 11-22820 (RDD) |
| Debtors. | |

### ORDER APPOINTING ALEC OSTROW AS THE REPRESENTATIVE
### FOR SEATTLE FUTURE SEXUAL ABUSE CLAIMANTS
### *NUNC PRO TUNC* TO FEBRUARY 10, 2014

Upon the application (the "Application") of Eric Schwarz, in his capacity as the Trustee

(the "Trustee") of The Christian Brothers' Institute and The Christian Brothers of Ireland, Inc.

Trust (the "Trust") for entry of an order appointing Alec Ostrow  ("Ostrow") as the

representative for Seattle Future Sexual Abuse Claimants (the "Application") [1] *Nunc Pro Tunc* to

February10, 2014 ; and upon the Declaration of Alec Ostrow filed in support of the Application

(the "Ostrow Declaration"); and the Court having jurisdiction to consider the Application and the

relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, Paragraph 22 of the

Confirmation Order and Sections10.12 of the Plan; and this matter being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper in this District pursuant to 28 U.S.C. §§

1408 and 1409; and the Trustee having provided adequate and appropriate notice of the

Application under the circumstances; and after due deliberation and good and sufficient cause

appearing therefor; and it appearing to the Court that the said Application should be approved, it

is HEREBY ORDERED THAT:

1.      The Application is GRANTED.

2.      The Agreement is approved.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in
the Application.

3.    Ostrow is hereby appointed as the representative of Seattle Future Abuse Claimants pursuant the terms of the Agreement *nunc pro tunc* to February 10, 2014.

4.    Ostrow is authorized to retain Becker, Glynn, Muffly, Chassin & Hosinski LLP ("Becker Glynn") as his counsel *nunc pro tunc* to February 10, 2014.

5.    The Seattle Archdiocese shall fund the $125,000 retainer to Ostrow, as provided in paragraph 9 of the Agreement.  The retainer shall be paid to Becker Glynn shall be held by Becker Glynn as security for unpaid fees and expenses in accordance with paragraph 9 of the Agreement.

6.    The sole source of payment of the fees and expenses by Ostrow, Becker Glynn, and any other professionals authorized by this Court to be retained by Ostrow in connection with the Agreement will be the Seattle Archdiocese.  The Trust will not be liable for any fees incurred by Ostrow and/or his professionals.

7.    The Seattle Archdiocese shall pay the Trust $100,000 pursuant to the Agreement.

8.    Nothing in the Agreement or this Order shall obligate the Trustee to seek approval of any settlement proposed or requested by the Seattle Archdiocese or any other party.

9.    Nothing in the Agreement or this Order shall be construed to require the Trust or the Trustee to pay any fees or expenses of Ostrow or his professionals for services rendered or expenses incurred in connection with the Agreement.

10.    The Trustee and Ostrow are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11.    In accordance with paragraph 5 of the Agreement, Ostrow and Becker Glynn are each hereby deemed to be a "Permitted Party" pursuant to this Court's Order

DOCS_NY:30962.4 14012/003

Approving Debtor's Motion for Order Establishing Deadlines for Filing Proofs of Claim and

Approving Form and Manner of Notice Thereof, dated February 10, 2012 (the "Bar Date

Order"), and have access to the Sexual Abuse Proof of Claim Forms (redacted to remove

personal identifying information of Sexual Abuse Claimants) (as defined in the Bar Date Order)

upon execution of a confidentiality agreement substantially in the form annexed to this Court's

Order (A) Authorizing Necessary Parties to Review Sexual Abuse Claims Forms and (B)

Approving Form of Confidentiality Agreement.

        12.    The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

        13.    This Court shall retain jurisdiction with respect to all matters arising from

or related to the implementation of this Order.

Dated: White Plains, New York
                _____, 2014             _____

                                                  UNITED STATES BANKRUPTCY JUDGE