UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE CHRISTIAN BROTHERS' INSTITUTE, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 11-22820 (RDD) |

**ORDER APPOINTING ALEC OSTROW AS THE REPRESENTATIVE
FOR SEATTLE FUTURE SEXUAL ABUSE CLAIMANTS
<u>*NUNC PRO TUNC* TO FEBRUARY 10, 2014</u>**

Upon the application, by notice of presentment dated March 24, 2014 (the "Application") of Eric Schwarz, in his capacity as the trustee (the "Trustee") of The Christian Brothers' Institute and The Christian Brothers of Ireland, Inc. Trust (the "Trust"), for entry of an order appointing Alec Ostrow ("Ostrow") as the representative for Seattle Future Sexual Abuse Claimants[1] n*unc pro tunc* to February 10, 2014 ; and upon the declaration of Alec Ostrow filed in support of the Application (the "Ostrow Declaration"); and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), Paragraph 22 of the Confirmation Order and Sections 10.10-10.12 of the Plan; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Trustee having provided adequate and appropriate notice of the Application and the opportunity for a hearing thereon under the circumstances; and there being no objections to the requested relief; and no additional notice of or a hearing on the Application being required; and it appearing that Ostrow is qualified to be the representative of Seattle Future Sexual Abuse Claimants and does not hold or represent an adverse interest to the Trust, the Future Sexual Abuse Claimants or the Seattle Archdiocese; and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Application.

DOCS_NY:31158.1 14012/003

after due deliberation and good and sufficient cause appearing therefor, and it appearing to the Court that the Application should be granted, it is HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. The Agreement is approved.

3. Ostrow is appointed as the representative of Seattle Future Abuse Claimants pursuant the terms of the Agreement, *nunc pro tunc* to February 10, 2014.

4. Ostrow is authorized to retain Becker, Glynn, Muffly, Chassin & Hosinski LLP ("Becker Glynn") as his counsel *nunc pro tunc* to February 10, 2014 on the terms set forth in the Application and the Agreement.

5. The Seattle Archdiocese shall fund the $125,000 retainer to Ostrow, as provided in paragraph 9 of the Agreement. The retainer shall be paid to Becker Glynn and shall be held by Becker Glynn as security for unpaid fees and expenses in accordance with paragraph 9 of the Agreement.

6. The sole source of payment of the fees and expenses of Ostrow, Becker Glynn, and any other professionals authorized by this Court to be retained by Ostrow in connection with the Agreement will be the Seattle Archdiocese. The Trust will not be liable for any fees incurred by Ostrow and/or his professionals.

7. The Seattle Archdiocese shall pay the Trust $100,000 pursuant to the Agreement.

8. Nothing in the Agreement or this Order shall obligate the Trustee to seek approval of any settlement proposed or requested by the Seattle Archdiocese or any other party.

9. Nothing in the Agreement or this Order shall be construed to require the Trust or the Trustee to pay any fees or expenses of Ostrow or his professionals for services rendered or expenses incurred in connection with the Agreement.

10. The Trustee and Ostrow are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11. In accordance with paragraph 5 of the Agreement, Ostrow and Becker Glynn are each hereby deemed to be a "Permitted Party" pursuant to this Court's Order Approving Debtor's Motion for Order Establishing Deadlines for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof, dated February 10, 2012 (the "Bar Date Order"), and have access to the Sexual Abuse Proof of Claim Forms (redacted to remove personal identifying information of Sexual Abuse Claimants) (as defined in the Bar Date Order) upon execution of a confidentiality agreement substantially in the form annexed to this Court's Order (A) Authorizing Necessary Parties to Review Sexual Abuse Claims Forms and (B) Approving Form of Confidentiality Agreement.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: White Plains, New York
     April 21, 2014            ___/s/Robert D. Drain_____
                                        UNITED STATES BANKRUPTCY JUDGE